1  STEVEN J. ROTHANS – State Bar No. 106579
   JILL W. BABINGTON – State Bar No. 221793
2  CARPENTER, ROTHANS & DUMONT
   888 S. Figueroa Street, Suite 1960
3  Los Angeles, CA 90017
   (213) 228-0400 / (213) 228-0401 [Fax]
4  srothans@crdlaw.com / jbabington@crdlaw.com

5  Attorneys for Defendant, CITY OF CULVER CITY, a public entity
       [also erroneously sued herein as "Culver City Police Department"]
6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  KANDACE SIMPLIS; KYRA S., by          )  Case No.:  **CV10· 09497** JHN (MANx)
    and through her guardian ad litem,     )
12  KANDACE SIMPLIS; and KAILYNN           )  **NOTICE OF REMOVAL OF**
    G., by and through her guardian ad     )  **ACTION**
13  litem KANDACE SIMPLIS,                 )
                                           )  **[28 U.S.C. §§ 1441**
14              Plaintiffs,                )  **(Federal Question)]**
                                           )
15         vs.                             )
                                           )
16  CULVER CITY POLICE                     )
    DEPARTMENT; CITY OF CULVER             )
17  CITY; CHIEF DON PEDERSEN, in his       )
    official and individual capacities; and )
18  DOES 1 through 100, inclusive,         )
                                           )
19              Defendants.                )
                                           )
20                                         )
                                           )
21  ─────────────────────────────────

22     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

23         **PLEASE TAKE NOTICE** that Defendant, CITY OF CULVER CITY [*also*

24  *erroneously sued herein as the "Culver City Police Department"*], a public entity,

25  hereby removes to the United States District Court, Central District of California

26  the state court action described below.

27  ///

28  ///

1     1.    On or about November 18, 2010, an action was commenced in the

2    County of Los Angeles Superior Court, West District, entitled <u>Kandace Simplis, et</u>

3    <u>al. v. Culver City Police Department, et al.</u>, bearing case number SC110399, a

4    copy of which is attached hereto as Exhibit "A".

5     2.    Defendant CITY OF CULVER CITY was served with this action on

6    December 8, 2010.

7     3.    As of the date of this removal, Defendant CHIEF DON PEDERSEN

8    has not yet been served.

9     4.    This action is a civil action of which this Court has original

10    jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this

11    Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441 (b) and (c),

12    in that it involves claims for violations of 42 U.S.C. § 1983.

13     5.    All named defendants who have been served with the Summons and

14    Complaint in this action join in this Notice of Removal.

15

16    DATED:  December 9, 2010        CARPENTER, ROTHANS & DUMONT

17

18                      By

19                         STEVEN J. ROTHANS

20                         JILL W. BABINGTON

                             Attorneys for Defendant,

21                         CITY OF CULVER CITY

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION

# EXHIBIT "A"

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

RECEIVED    RECEIVED

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
2010 DEC -8 PM 5:21    2010 DEC -8 PM 4:15

CULVER CITY POLICE DEPARTMENT; CITY OF CULVER CITY;
CHIEF DON PEDERSEN, in his official (see Attachment "A")

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KANDACE SIMPLIS; KYRA S., by and through her guardian ad litem
KANDACE SIMPLIS; and  (see Attachment "A")

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 07 2010

John A. Clarke, Executive Officer/Clerk

By   A. WILLIAMS
                    DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CA, COUNTY OF LOS ANGELES<br>1725 Main Street, Santa Monica, CA 90401 | CASE NUMBER:<br>*(Número del Caso):*<br>SC 110399 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
McNICHOLAS & McNICHOLAS, LLP, 10866 Wilshire Blvd., Suite 1400, Los Angeles, CA 90024

| DATE:   DEC 07 2010 | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | JOHN A. CLARKE | *(Secretario)*   A. Williams | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Culver City

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 416.50

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Kandace Simplis v. Culver City Police Department, et al. | CASE NUMBER: SC 110399 |
|---|---|

1  ATTACHMENT A:

2  YOU ARE BEING SUED BY PLAINTIFF:
3  (LO ESTA DEMANDANDO EL DEMANDANTE):

4  KAILYNN G., by and through her guardian ad litem KANDACE SIMPLiS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page ____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc. | www.USCourtForms.com

| SHORT TITLE: Kandace Simplis v. Culver City Police Department, et al. | CASE NUMBER: SC 110399 |
|---|---|

1  ATTACHMENT B:

2  NOTICE TO DEFENDANT:
3  (AVISO AL DEMANDADO):

4  and individual capacities; and DOES 1 through 100, inclusive,

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.                Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc.   www.USCourtForms.com

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NO SUMMONS ISSUED

NOV 1 8 2010

John A. Clarke, Executive Officer/Clerk

By ___A. WILLIAMS___
DEPUTY

1  McNICHOLAS & McNICHOLAS, LLP
   Matthew S. McNicholas (SBN 190249)
2    Cameron Fredman (SBN 256034)
   10866 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA 90024
   Tel: (310) 474-1582  Fax: (310) 475-7871
4

5  Attorneys for Plaintiffs,
   *Kandace Simplis et al.*
6

CASE MANAGEMENT CONFERENCE

MAR 0 8 2011

7  LINDA K. LEFKOWITZ        Dept. M 830am
                                    Date

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF LOS ANGELES

10  KANDACE SIMPLIS; KYRA S., by and through    CASE NO. ___SC110399___
11  her guardian ad litem KANDACE SIMPLIS; and
    KAILYNN G., by and through her guardian ad    COMPLAINT
12  litem KANDACE SIMPLIS.
13                    Plaintiffs,              1. Wrongful Death
                                                  (Cal. Civ. Proc. Code § 377.60)
14          vs.
                                               2. Violation of Due Process
15  CULVER CITY POLICE DEPARTMENT; CITY            (42 U.S.C. § 1983)
    OF CULVER CITY; CHIEF DON PEDERSEN, in
16  his official and individual capacities; and DOES 1   3. Excessive Use of Force
    through 100, inclusive,                        (42 U.S.C. § 1983)
17                    Defendants.
                                               4. Intentional Infliction of Emotional Distress
18
                                               5. Negligent Infliction of Emotional Distress
19
                                                  JURY TRIAL DEMANDED
20

21

22

23

24

25

26

27

28

MCNICHOLAS & MCNICHOLAS, LLP
10866 WILSHIRE BLVD, SUITE 1400, LOS ANGELES, CA 90024
TEL: (310) 474-1582  FAX: (310) 475-7871

PLAINTIFFS DEMAND A TRIAL BY JURY, AND BASED UPON INFORMATION AND BELIEF ALLEGE AS FOLLOWS:

### THE PARTIES

1.   Plaintiff Kandace Simplis was the spouse of decedent Lejoy Grissom.

2.   Plaintiff Kyra S. was born on August 24, 2006. She is the daughter of Plaintiff Kandace Simplis and decedent Lejoy Grissom.

3.   Plaintiff Kailynn G. was born on December 9, 2009.  She is the daughter of Plaintiff Kandace Simplis and decedent Lejoy Grissom.

4.   Defendant City of Culver City ("City") is a municipal corporation organized as a charter law city and existing by virtue of the laws of the State of California.

5.   Defendant Culver City Police Department ("CCPD") is a municipal agency existing by virtue of the laws of the State of California.

6.   Chief Don Pederson ("Pederson") is, and at all relevant times was, employed as the Chief of the CCPD.  In conjunction with his employment and positions within the City, Pederson has now, and at all relevant times had, the authority and responsibility for hiring and firing, training and retaining officers, investigating and disciplining officers, setting and implementing all policies, practices, and customs of the CCPD, whether written or unwritten, including, but not limited to, the policies with respect to the handling of police stops of vehicles, felony stops, use of force, and documenting use of force and felony stops. In conjunction with his employment and position with the City, Pederson, at all relevant times herein, was acting in the course and scope of his employment and under color of law in his official capacity.

7.   The true names and capacities of any defendants designated herein as DOES 1 through 100, inclusive, whether an individual, a business, a public entity, or otherwise, are presently unknown to plaintiff, who therefore sues said defendants by such fictitious names, pursuant to California Code of Civil Procedure § 474. Plaintiffs are informed and believes and on such information and belief alleges that each DOE defendant is responsible in some manner for the events alleged herein, and Plaintiffs will amend the complaint to state the true names and capacities of said defendants when the same have been ascertained.

- 1 -

8.      Plaintiffs are informed and believes and thereon alleges that at all times herein mentioned, each of the named Defendants and the defendants sued herein as DOES, 1 through 100, inclusive, were and are the agents and employees of each of the remaining defendants and were at all times acting within the course and scope of such agency and employment with the full knowledge, consent, authority, ratification and/or permission of each of the remaining defendants, and all such Defendants were acting in concert with each other to cause the harm to Plaintiffs, and each of them, described herein.

9.      At all relevant times, the Defendants, and each of them, were residents of the County of Los Angeles, California.

10.     The wrongful conduct alleged against the Defendants occurred in the County of Los Angeles, California.

11.     At all times mentioned herein, each of the Defendants was the co-tortfeasor of each of the other Defendants in doing the things hereinafter alleged.

12.     As described herein throughout, Defendants, and each of them, are guilty of oppression, fraud, or malice within the meaning of California Civil Code § 3294.  At all times herein mentioned, Defendants had advance knowledge of the unfitness of their employees and employed them anyway, and ratified the wrongful conduct of each other.  As a result, Plaintiffs are entitled to punitive and exemplary damages against all Defendants, and each of them, except as otherwise provided in the Government Code.

## VENUE

13.     This Court is the proper court because the wrongful acts that are the subject of this action occurred here, at least one defendant now resides in its jurisdictional area, injury to person or damage to personal property occurred in its jurisdictional area.

## GENERAL ALLEGATIONS

14.     On or about April 25, 2010, Lejoy Grissom ("Lejoy") was shot and killed by Culver City Police officers at the general location of Motor and Venice.  Lejoy is survived by claimants.

- 2 -

1    15.    On or about April 25, LeJoy and his sister, Layla Grissom ("Layla"), were on
2  their way to visit their grandmother in the Venice area. They were going to visit her because the
3  following day their grandmother was set to have heart surgery, which she did.  Layla was
4  driving and LeJoy was a front seat passenger.

5    16.    While en route to their grandmother's house, Layla was ordered to pull over by
6  certain Culver City Police Officers, whose names are currently unknown as the use-of-force
7  report has not been completed nor have such names been released.  Back-up was summoned,
8  and multiple police vehicles arrived with other Culver City Police Officers, whose names are
9  also unknown at this time.  Multiple offers drew guns and took various positions of advantage
10 with respect to the now-stopped and parked vehicle. Lejoy was ordered out of the car with his
11 hands up. Lejoy complied: he stepped out of the front passenger seat, wearing only shorts and a
12 t-shirt, with his hands raised in the air.  As he was stepping out and facing the officers, he was
13 shot three times.

14   17.    At no time did Lejoy fail to comply with the officers' commands.  At no time did
15 Lejoy make any sudden moves or gestures.  Rather, he had his hands raised the entire time.

16   18.    After being shot, after Layla was in custody, and after and the vehicle cleared,
17 Lejoy was left on the ground, bleeding and injured, for an unreasonable period of time before
18 any medical assistance was summoned or provided by people on the scene.  Lejoy did not die at
19 the scene, but rather, in transit to UCLA Hospital

20   19.    Defendants' conduct, as described herein, was contrary to the generally accepted
21 standard of care governing police officers.  Additionally, there was a custom, policy and
22 practice within Culver City P.D., express or implied, oral or written, that allowed this bad
23 shooting to occur and that allowed Lejoy to lie on ground bleeding to death without being helpe.
24 These things create liability under the laws of the State of California, the Constitution of the
25 State of California, the laws of the United States, and the United States Constitution.

26
27
28

## FIRST CAUSE OF ACTION: AGAINST ALL DEFENDANTS
WRONGFUL DEATH, CODE OF CIVIL PROCEDURE § 377.60

20. Plaintiffs reallege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

21. Lejoy Grissom's illness and death was proximately caused by the wrongful acts or negligence of the Defendants, and each of them, within the meaning of CCP § 377.60.

22. Specifically, Defendants conducted the stop negligently, employed negligent tactics at the scene, took vantage points negligently, negligently failed to follow department policy, and negligently drew, aimed, and discharged weapons.

23. The officers at the scene were negligently trained, negligently hired, negligently supervised, negligently retained, and negligently failed to adhere to the norms of their profession and the Peace Officer Standards and Training ("P.O.S.T.").

24. The supervisors at the scene negligently handled the stop and were negligent in their control and direction of the tactics and the officers at the scene.

25. The City of Culver City, the Culver City Police Department, Chief Pedersen, and all its employees and sworn officers, were negligent in the hiring, training, selection, retention, and disciplining (or non-disciplining) of the officers involved in the shooting, as well as the officers who trained the involved-officers throughout their careers, from the academy to the date in question.

26. As a proximate cause of Defendants' conduct, and each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to carry on and enjoy life's activities, the destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could have expected to receive from Lejoy, the expense for Lejoy's funeral and burial, the value of household services that Lejoy would have provided, and the loss of Lejoy's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. In addition, they suffered severe emotional distress.

- 4 -

## SECOND CAUSE OF ACTION: AGAINST ALL DEFENDANTS (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)
### VIOLATION OF DUE PROCESS, 42 U.S.C. § 1983

27.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

28.    Defendants' conduct as described herein, which resulted in the illness and death of Lejoy Grissom, constituted a due process violation under the United States Constitution, as well as the California Constitution.

29.    Defendants acted or purported to act in the performance of their official duties.

30.    Defendants' conduct violated Plaintiffs' right to be free from deprivation of life, liberty, or property without due process.

31.    As a proximate cause of Defendants' conduct, Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to carry on and enjoy life's activities, the destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could have expected to receive from Lejoy, the considerable expense for Lejoy's funeral and burial, the value of household services that Lejoy would have provided, and the loss of Lejoy's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.  In addition, they suffered severe emotional distress.

## THIRD CAUSE OF ACTION: AGAINST ALL DEFENDANTS (IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES)
### EXCESSIVE USE OF FORCE, 42 U.S.C. § 1983

32.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in this complaint as though set forth herein in full.

33.    Defendants' used excessive force in detaining Lejoy.

34.    Defendants were acting or purporting to act in the performance of official duties;

35.    As a proximate cause of Defendants' conduct, Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to carry on and enjoy life's activities, the destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could have expected to receive

MCNICHOLAS & MCNICHOLAS, LLP
10866 WILSHIRE BLVD., SUITE 1400, LOS ANGELES, CA 90024
TEL. (310) 474-1582  FAX: (310) 475-7871

1   from Lejoy, the considerable expense for Lejoy's funeral and burial, the value of household
2   services that Lejoy would have provided, the loss of Lejoy's love, companionship, comfort,
3   care, assistance, protection, affection, society, and moral support.  In addition, they suffered
4   severe emotional distress.

5

6   ## FOURTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS
   ### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7       36.    Plaintiffs re-allege and incorporate by reference each and every allegation
8   contained in this complaint as though set forth herein in full.

9       37.    Lejoy Grissom's illness and death was proximately caused by the acts of
10  Defendants, and each of them, who engaged in outrageous conduct that was intentional or
11  reckless and which is outside the bounds of decency.

12      38.    Defendants' conduct was intended to cause emotional distress, or manifested a
13  reckless disregard of the probability that Plaintiffs would suffer emotional distress.

14      39.    As a proximate cause of Defendants' conduct, Plaintiffs suffered severe
15  emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety,
16  worry, shock, humiliation, and shame.

17

18  ## FIFTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS
   ### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

19

20      40.    Plaintiffs re-allege and incorporate by reference each and every allegation
   contained in this complaint as though set forth herein in full.

21
22      41.    Lejoy Grissom's illness and death was proximately caused by the negligent acts
   or omissions of Defendants, and each of them.

23
24      42.    As a proximate cause of Defendants' negligence, Plaintiffs, and each of them,
   have suffered serious emotional distress including suffering, anguish, fright, horror,
25
26  nervousness, grief, anxiety, worry, shock, humiliation, and shame, such that reasonable person
   would be unable to cope with it.

27

28

- 6 -

COMPLAINT

MCNICHOLAS & MCNICHOLAS, LLP
10866 WILSHIRE BLVD, SUITE 1400, LOS ANGELES, CA 90064
TEL: (310) 474-1582  FAX: (310) 475-7871

McNICHOLAS & McNICHOLAS, LLP
10866 WILSHIRE BLVD., SUITE 1400, LOS ANGELES, CA 90024
TEL (310) 474-1582 FAX (310) 475-7871

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against Defendants as follows:

1. For compensatory damages according to proof, including general and special damages;

2. For punitive and exemplary damages according to proof as allowed by the Government Code;

3. For money damages for mental pain and anguish and emotional distress;

4. For money damages for the physical pain, injury, anguish and distress, as the same have resulted from emotional stress and distress;

6. For prejudgment and postjudgment interest;

7. For reasonable attorney fees, as allowed by law, with a multiplier;

8. For costs of suit incurred; and

9. For such other and further relief and damages as the law may allow and as the Court deems just and proper, whatever they may be.

Dated: November 16, 2010

McNICHOLAS & McNICHOLAS, LLP

By: _____
Matthew S. McNicholas
Cameron Fredman
Attorneys for Plaintiff

CASE NO. _____ SC110399 _____

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED that this action shall be assigned to a Judge for all purposes, including trial, as follows:

LINDA K. LEFKOWITZ
_____     Department:  _____

 Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

☐ Judge Richard A. Stone
Beverly Hills Courthouse
Department WE-X
9355 Burton Way
Beverly Hills, CA 90210

IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

CASE MANAGEMENT REVIEW AND CONFERENCE: Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)      Whether there are any related cases;

(2)      Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)      Whether any additional parties may be added or the pleadings may be amended;

(4)      Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)      Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)      Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)      Whether an early settlement conference should be scheduled and, if so, on what date;

(8)      Whether discovery has been completed and, if not, the date by which it will be completed;

(9)      What discovery issues are anticipated;

(10)     Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)     Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)     Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)     Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

1

2

## PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

3

4

5

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

6

7

8

    On December 10, 2010, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION** upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

9

10

11

12

13

14

Matthew S. McNicholas
Cameron Fredman
McNicholas & McNicholas, LLP
10860 Wilshire Blvd., Suite 1400
Los Angeles, CA  90024
Phone:  (310) 474-1582
Fax:  (310) 475-7871
*Attorneys for Plaintiffs, Kandace Simplis; Kyra S., by and through her guardian ad litem Kandace Simplis; and Kailynn G., by and through her guardian ad litem Kandace Simplis*

15

**BY MAIL**

16

   __X__     I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

17

18

19

20

21

22

   _____     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

23

    Executed on December 10, 2010, at Los Angeles, California.

24

**FEDERAL**

25

   __X__     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

26

27

   ___Linda Ramirez___         _Linda Ram_____
                              (Signature)

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 9497 JHN (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>KADANCE SIMPLIS; KYRA S., by and through her guardian ad litem, KANDACE SIMPLIS; and KAILYNN G., by and through her guardian ad litem KANDACE SIMPLIS | DEFENDANTS<br>CULVER CITY POLICE DEPARTMENT; CITY OF CULVER CITY; CHIEF DON PEDERSEN, in his official and individual capacities; and DOES 1 through 100, inclusive, |
|---|---|
| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles |
| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Matthew S. McNicholas, Esq. / Cameron Fredman, Esq.<br>McNICHOLAS & McNICHOLAS<br>10866 Wilshire Boulevard, Suite 1400<br>Los Angeles, CA  90024 | Attorneys (If Known)<br>Steven J. Rothans, Esq. / Jill W. Babington<br>CARPENTER, ROTHANS & DUMONT<br>888 S. Figueroa Street, Suite 1960<br>Los Angeles, CA  90017<br>(213) 228-0400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No       ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product | ☐ 371 Truth in Lending | Vacate Sentence | Act |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | Liability | ☐ 380 Other Personal | Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 450 Commerce/ICC | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Property Damage | ☐ 530 General | Relations |
| Rates/etc. | ☐ 150 Recovery of | Slander | ☐ 385 Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. |
| ☐ 460 Deportation | Overpayment & | ☐ 330 Fed. Employers' | Product Liability | ☐ 540 Mandamus/ | Reporting & |
| ☐ 470 Racketeer Influenced | Enforcement of | Liability | BANKRUPTCY | Other | Disclosure Act |
| and Corrupt | Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product | 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted | Liability | ☐ 423 Withdrawal 28 | FORFEITURE / | Litigation |
| ☐ 490 Cable/Sat TV | Student Loan (Excl. | ☐ 350 Motor Vehicle | USC 157 | PENALTY | ☐ 791 Empl. Ret. Inc. |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle | CIVIL RIGHTS | ☐ 610 Agriculture | Security Act |
| ☐ 850 Securities/Commodities | ☐ 153 Recovery of | Product Liability | ☐ 441 Voting | ☐ 620 Other Food & | PROPERTY RIGHTS |
| /Exchange | Overpayment of | ☐ 360 Other Personal | ☐ 442 Employment | Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 | Veteran's Benefits | Injury | ☐ 443 Housing/Acco- | ☐ 625 Drug Related | ☐ 830 Patent |
| USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- | mmodations | Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | Med Malpractice | ☐ 444 Welfare | Property 21 USC | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product | ☐ 365 Personal Injury- | ☐ 445 American with | 881 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization | Liability | Product Liability | Disabilities - | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal | Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW |
| ☐ 893 Environmental Matters | REAL PROPERTY | Injury Product | ☐ 446 American with | ☐ 650 Airline Regs | (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | Liability | Disabilities - | ☐ 660 Occupational | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | Other | Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- | ☐ 230 Rent Lease & Ejectment | | ☑ 440 Other Civil | ☐ 690 Other | FEDERAL TAX SUITS |
| nation Under Equal | ☐ 240 Torts to Land | | Rights | | ☐ 870 Taxes (U.S. Plaintiff |
| Access to Justice | ☐ 245 Tort Product Liability | | | | or Defendant) |
| ☐ 950 Constitutionality of | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 |
| State Statutes | | | | | USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**CV10·09497**

**FOR OFFICE USE ONLY:**   Case Number: _____

---

CV-71 (07/05)                          CIVIL COVER SHEET                          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

   Unknown

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

   The City of Culver City is a municipality or agency operating within, the County of Los Angeles, State of California

List the **California County**, or  State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

   County of Los Angeles, State of California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**                                                                **Date**    December 9, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |