STEVEN J. ROTHANS – State Bar No. 106579
JILL W. BABINGTON – State Bar No. 221793
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa Street, Suite 1960
Los Angeles, CA  90017
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / jbabington@crdlaw.com

Attorneys for Defendants, CITY OF CULVER CITY, a public entity, and CHIEF DON PEDERSEN, a public employee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDACE SIMPLIS; KYRA S., by and through her guardian ad litem, KANDACE SIMPLIS; and KAILYNN G., by and through her guardian ad litem KANDACE SIMPLIS,<br><br>Plaintiffs,<br><br>vs.<br><br>CULVER CITY POLICE DEPARTMENT, et al.,<br><br>Defendants<br><br>AND ALL CONSOLIDATED ACTIONS. | Case No.: CV10-9497 JHN (MANx) Consolidated w/ Case No. CV11-04285 JHN (MANx)<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER AUTHORIZING DEPOSITION OF INCARCERATED WITNESS LAYLA GRISSOM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JILL W. BABINGTON**<br><br>[F.R.C.P. 30(a)(2)(B)]<br><br>**\*\*DISCOVERY MATTER\*\***<br><br>Discovery Cut-Off: October 25, 2011<br>Motion Cut-Off: January 9, 2012<br>Pre-Trial Conf.: February 27, 2012<br>Trial: March 27, 2012 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

COMES NOW Defendants City of Culver City, a public entity, and Chief Don Pedersen, a public employee, and hereby apply, ex parte, pursuant to Federal Rules of Civil Procedure, Rule 30(a)(2)(B) and United States District Court for the Central District of California Local Rule 7-19, for an Order authorizing the defendants to conduct the deposition of Layla Grissom (CDCR # WA9596), a

1 witness in the above-entitled matter, who is presently incarcerated at the Central
2 California Women's Facility, to take place at the facility, located at 23370 Road
3 22, Chowchilla, California, on a date and time agreed upon by all counsel and the
4 facility, but no later than August 29, 2011.

5 Good cause exists for the Court to grant ex parte relief. A review of the
6 California Department of Corrections and Rehabilitation online "Inmate Locator"
7 indicates that Witness Layla Grissom is presently incarcerated and is being held at
8 the Central California Women's Facility. Due to Ms. Grissom's present
9 confinement in prison, Federal Rules of Civil Procedure, Rule 30(a)(2)(B) requires
10 leave of court be obtained from the defendants before taking the deposition of Ms.
11 Grissom.

12 Second, the discovery cut-off date in this action is only three months away,
13 October 25, 2011. This deadline was only recently imposed by the court on July
14 14, 2011. See Document 37. Because of this short window in which to conduct
15 discovery, it is respectfully submitted that the parties do not have sufficient time to
16 file a noticed motion, obtain a Court order, and coordinate Ms. Grissom's
17 deposition with the facility and all counsel.

18 Prior to the filing of this application, on July 21, 2011, defense counsel gave
19 plaintiffs' counsel written notice of their intent to seek this order by way of ex
20 parte application and inquired of plaintiffs' counsel whether they intended to
21 oppose the ex parte application. See Declaration of Jill W. Babington, Exhibit
22 "A". As of the time of filing this application, defense counsel has not received any
23 indication from any of plaintiffs' counsel as to whether they would oppose the
24 application. See Declaration of Jill W. Babington.

25
26 ///
27 ///
28 ///

This ex parte application is based upon the this application, the accompanying Memorandum of Points and Authorities, the Declaration of Jill W. Babington and all exhibits attached thereto, all matters of which the Court may take judicial notice, the pleadings and records in this file, and any other matter the Court deems appropriate.

DATED: July 22, 2011                    CARPENTER, ROTHANS & DUMONT

By: _____
Steven J. Rothans
Jill W. Babington
Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This civil rights litigation was brought by the family of a man, Lejoy Erastus Grissom, who was fatally shot by Culver City Police Department ("CCPD") Officer Luis Martinez on April 25, 2010. One of the key witnesses to the shooting and the events preceding the shooting is Layla Grissom, a witness who is presently incarcerated at the Central California Women's Facility in Chowchilla, California. Due to Ms. Grissom's present confinement in prison, Federal Rules of Civil Procedure, Rule 30(a)(2)(B) requires leave of court be obtained before taking the deposition of Ms. Grissom.

### II. EX PARTE NOTICE

Prior to the filing of this application, on July 21, 2011, defense counsel gave plaintiffs' counsel written notice of their intent to seek this order by way of ex parte application and inquired of plaintiffs' counsel whether they intended to oppose the ex parte application. See Declaration of Jill W. Babington, Exhibit "A". As of the time of filing this application, defense counsel has not received any indication from any of plaintiffs' counsel whether they would oppose the application. See Declaration of Jill W. Babington.

### III. FACTUAL SUMMARY

Between February and April 2010, an individual committed nine robberies (some of which were armed robberies) at various locations in Los Angeles and Culver City. The suspect [*later identified as Decedent Lejoy Grissom*], whose image was captured on various surveillance photographs, had distinctive tattoos on his hand and neck, as well as distinctive facial hair. On April 25, 2010, an individual matching the description of the robbery suspect committed another armed robbery at a Radio Shack in Culver City. A radio call was broadcast to CCPD officers, advising of the suspect's physical description and advising that the suspect was armed.

1   Shortly thereafter, CCPD officers observed an individual matching the
2   description of the suspect in the front passenger seat of a vehicle. The driver of the
3   vehicle was later determined to be Witness Layla Grissom, the individual the
4   defendants seek to depose. When officers attempted to conduct a felony traffic
5   stop of the vehicle, Lejoy Grissom exited the vehicle. When Grissom appeared to
6   reach for his waistband, believing that he and others were in imminent danger of
7   death or serious bodily injury, Officer Martinez fired his duty weapon at Grissom,
8   who later died. A small handgun was recovered from Grissom's clothing, which
9   matched the description of the gun that had been used during the robberies.

10   Layla Grissom (the sister of Lejoy Grissom), was later convicted of two
11   felony counts of violating Penal Code § 211 (second degree robbery) for her
12   participation in the robberies, and is now incarcerated at the Central California
13   Women's Facility in Chowchilla, California.

## IV. STATEMENT OF LAW

### A. A Party Must Obtain Leave Of Court To Conduct The Deposition Of A Person Confined In Prison, Pursuant To Federal Rules Of Civil Procedure, Rule 30(a)(2)(B).

Generally, a party is not required to obtain leave of Court prior to conducting the deposition of a witness in an action. However, there are certain circumstances when a party is required to obtain leave of Court. Federal Rules of Civil Procedure, Rule 30(a)(2)(B) requires that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . **if the deponent is confined in prison.**" FED. R. CIV. P. 30(a)(2)(B) (emphasis added).

Witness Layla Grissom is presently incarcerated at the Central California Women's Facility in Chowchilla, California due to her felony convictions. Accordingly, the Federal Rules of Civil Procedure require leave of Court to conduct Ms. Grissom's deposition.

Various instruments of discovery under the federal rules, including depositions, serve as devices to narrow and clarify basic issues between parties and also to ascertain facts, or information as to existence or whereabouts of facts, relative to those issues. Hickman v. Taylor, 329 U.S. 495 (1947). Moreover, the discovery rules are to be accorded broad and liberal treatment and, to the end, either party may obtain in advance of trial knowledge of all relevant facts in possession of the other party. Id. The broad and liberal construction of rules concerning discovery, and depositions, is intended to effectuate the purpose that civil trials in federal courts not be carried on "in the dark." Schlagenhauf v. Holder, 379 U.S. 104 (1964).

Here, Layla Grissom is a critical witness to the events giving rise to this litigation. Ms. Grissom was present at the time of the shooting and has knowledge of many facts surrounding the shooting and the events preceding the shooting. As such, it is respectfully submitted that good cause exists for this Court to order the deposition of Ms. Grissom, pursuant to Rule 30(a)(2)(B).

### B. Good Cause Exists To Grant Ex Parte Relief.

This lawsuit was filed on November 18, 2010, in the Superior Court of the State of California, County of Los Angeles [West District]. After the defendants were served with the lawsuit, in light of the plaintiffs' allegations of civil rights violations under 42 U.S.C. § 1983, the defendants removed the case to federal court, where it is presently pending. Thereafter, on April 25, 2010, an additional action was filed by other purported heirs of the decedent, also in the Superior Court of the State of California, County of Los Angeles [West District]. After being served with this action, the defendants also removed this case to federal court. Subsequently, the parties stipulated to consolidate the two cases, and on July 14, 2011, the Court issued an order consolidating the cases. In addition, on July 14, 2011, the Court issued a scheduling order setting a trial date of March 27, 2012, and a discovery cut-off date of October 25, 2011.

It is respectfully submitted that, in light of the discovery cut-off date of October 25, 2011, good cause exists to rule upon this matter expeditiously so that the deposition of Ms. Grissom can be coordinated with the correctional facility and with all counsel and conducted prior to the discovery cut-off date. Indeed, courts have found that in civil rights cases, it is appropriate to grant leave of court to depose a "prisoner" when a "discovery deadline is looming." See Davis v. Williams, 495 F.Supp.2d 453 (D.C. Del. 2007).

### III. CONCLUSION

Based on the foregoing, the defendants respectfully request that this Court grant the requested ex parte relief and issue an order authorizing the defendants to conduct the deposition of Layla Grissom (CDCR # WA9596), a witness in the above-entitled matter, who is presently incarcerated at the Central California Women's Facility, to take place at the facility, located at 23370 Road 22, Chowchilla, California, on a date and time agreed upon by all counsel and the facility, but no later than August 29, 2011.

DATED: July 22, 2011                    CARPENTER, ROTHANS & DUMONT

By: _____
Steven J. Rothans
Jill W. Babington
Attorneys for Defendants

# PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 12021 Wilshire Blvd., Suite 922, Los Angeles, California 90025.

On July 25, 2011, I served the foregoing document(s) described as:

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER AUTHORIZING DEPOSITION OF INCARCERATED WITNESS LAYLA GRISSOM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JILL W. BABINGTON; (PROPOSED) ORDER**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Matthew S. McNicholas
Cameron Fredman
McNicholas & McNicholas, LLP
10860 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
Phone: (310) 474-1582
Fax: (310) 475-7871
*Attorneys for Plaintiffs, Kandace Simplis; Kyra S., by and through her guardian ad litem Kandace Simplis; and Kailynn G., by and through her guardian ad litem Kandace Simplis*

**BY PERSONAL SERVICE**
  X    I delivered such envelopes by hand to the offices of the addressees indicated on the attached Mailing List.

Executed on July 25, 2011, at Los Angeles, California.

**FEDERAL**
  X    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Jose Gonzalez                    *(Signature)*

---
1
**PROOF OF SERVICE**

# PROOF OF SERVICE BY MAIL
(1013a, 2015.5 C.C.P.)

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 12021 Wilshire Blvd., Suite 922, Los Angeles, California 90025.

On July 25, 2011, I served the foregoing document(s) described as:
**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER AUTHORIZING DEPOSITION OF INCARCERATED WITNESS LAYLA GRISSOM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JILL W. BABINGTON; (PROPOSED) ORDER**
upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Dale K. Galipo, Esq.
Law Offices of Dale K. Galipo
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118
AND
Brian E. Claypool, Esq.
The Claypool Law Firm
1055 East Colorado Blvd., 5th Floor
Pasadena, CA 91106
Phone: (626) 240-4616
Fax: (626) 240-4617

*Attorneys for Plaintiffs, Deujanye G., a minor by and through her Guardian ad Litem Khandi Rose; Dajayne G., a minor by and through her Guardian ad Litem Khandi Rose; and Dyvonn G., a minor by and through his Guardian ad Litem Khandi Rose*

**BY PERSONAL SERVICE**

__X__   I delivered such envelopes by hand to the offices of the addressees indicated on the attached Mailing List.

Executed on July 25, 2011, at Los Angeles, California.

**FEDERAL**

__X__   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

____Terry Cotright____   _____
                         (Signature)

---
PROOF OF SERVICE