1 | **STEVEN J. ROTHANS – State Bar No. 106579**
**JILL W. BABINGTON – State Bar No. 221793**
2 | **CARPENTER, ROTHANS & DUMONT**
**888 S. Figueroa Street, Suite 1960**
3 | **Los Angeles, CA 90017**
**(213) 228-0400 / (213) 228-0401 [Fax]**
4 | **srothans@crdlaw.com / jbabington@crdlaw.com**

5 | Attorneys for Defendants, CITY OF CULVER CITY, a public entity,
and CHIEF DON PEDERSEN, a public employee

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | KANDACE SIMPLIS; KYRA S., by
and through her guardian ad litem,
12 | KANDACE SIMPLIS; and KAILYNN
G., by and through her guardian ad
13 | litem KANDACE SIMPLIS,

14 | Plaintiffs,

15 | vs.

16 | CULVER CITY POLICE
DEPARTMENT, et al.,

17 | Defendants

18

19 | AND ALL CONSOLIDATED
ACTIONS.

20

21

22

Case No.: CV10-9497 JHN (MANx)
Consolidated w/ Case No. CV11-04285
JHN (MANx)

**NOTICE OF MOTION AND
MOTION TO COMPEL
RESPONSES TO
INTERROGATORIES
PROPOUNDED ON PLAINTIFFS
KANDACE SIMPLIS, KYRA S.,
AND KAILYNN G.; REQUEST FOR
SANCTIONS; DECLARATION OF
JILL W. BABINGTON**

**\*\*DISCOVERY MATTER\*\***

Date: October 25, 2011
Time: 10:00 a.m.
Courtroom: 580

Discovery Cut-Off: October 25, 2011
Motion Cut-Off: January 9, 2012
Pre-Trial Conf.: February 27, 2012
Trial: March 27, 2012

23

24 |         PLEASE TAKE NOTICE that on October 25, 2011 at 10:00 a.m., or as soon

25 | thereafter as counsel may be heard in Courtroom 580 of the above-entitled court,

26 | located at 211 W. Temple Street, Los Angeles, California, Defendants, City of

27 | Culver City, a public entity, and Chief Don Pedersen, a public employee, will and

28 | hereby do move this court for the following:

(1)   An order compelling Plaintiff Kandace Simplis to provide supplemental responses, without objection, to Interrogatories 10, 11, 13, 14, 15, 16, 18, 19, 20, 21, 23, 24 and 25 that were propounded on her by Defendant City of Culver City within three (3) days of the date of the Court's order.

(2)   An order compelling Plaintiff Kandace Simplis to provide supplemental responses, without objection, to Interrogatories 2, 5, 6, 11, 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24 and 25 that were propounded on her by Defendant Chief Don Pedersen within three (3) days of the date of the Court's order.

(3)   An order compelling Plaintiff Kyra S. to provide supplemental responses, without objection, to Interrogatories 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 19 and 20 that were propounded on her by Defendant City of Culver City within three (3) days of the date of the Court's order.

(4)   An order compelling Plaintiff Kailynn G. to provide supplemental responses, without objection, to Interrogatories 4, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 19 and 20 that were propounded on her by Defendant City of Culver City within three (3) days of the date of the Court's order.

(5)   An order that the plaintiffs and their attorneys of record pay sanctions to Defendants City of Culver City and Chief Don Pedersen in the amount of TWO THOUSAND FIVE HUNDRED FIFTY DOLLARS ($2,550.00), pursuant to Federal Rules of Civil Procedure, Rule 37(a)(5)(A) and Local Rule 37-4, for the reasonable expenses and attorney's fees incurred by the defendants in connection with this motion.

///

- 2 -

1       This motion is brought pursuant to Federal Rules of Civil Procedure, Rule

2   37(a), and is based on the grounds that the plaintiffs have provided grossly

3   inadequate and evasive responses to the interrogatories at issue, as required by

4   Federal Rules of Civil Procedure, Rule 33.

5       This motion is made following numerous unsuccessful attempts by defense

6   counsel to conduct a pre-filing conference of counsel, and to informally resolve the

7   issues addressed herein, as required by U.S. District Court Central District Local

8   Rule 7-3 and 37-1.  However, as of the date of this motion, plaintiffs' counsel has

9   neither engaged in the conference of counsel as required by Local Rule 37-1, or

10  returned their portion of the joint discovery stipulation.  See Declaration of Jill W.

11  Babington.

12      This motion will be based upon this Notice of Motion, the accompanying

13  defendant's portion of the Joint Discovery Stipulation, the Declaration of Jill W.

14  Babington, the pleadings and records on file with this court, any evidence of which

15  this court may take judicial notice, and any and all documentary or oral evidence

16  that may be presented at the hearing of this motion.

17

18  DATED:  October 4, 2011                    CARPENTER, ROTHANS & DUMONT

19

20

21                            By:
                                  Steven J. Rothans
22                                Jill W. Babington
                                  Attorneys for Defendants
23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

# **TABLE OF CONTENTS**

I.    INTRODUCTION & ATTEMPTED INFORMAL SOLUTIONS ........... 1

II.   DISCOVERY REQUESTS IN DISPUTE – INTERROGATORIES
      PROPOUNDED BY CHIEF DON PEDERSEN ON PLAINTIFF
      KANDACE SIMPLIS ........................................................................ 4

      A.   Untimely Responses ............................................................ 4

      B.   Interrogatory 2 .................................................................... 5

      C.   Interrogatory 5 .................................................................... 6

      D.   Interrogatory 6 .................................................................... 7

      E.   Interrogatory 11 .................................................................. 9

      F.   Interrogatory 12 ................................................................ 11

      G.   Interrogatory 13 ................................................................ 12

      H.   Interrogatory 14 ................................................................ 13

      I.    Interrogatory 17 ................................................................ 15

      J.    Interrogatory 18 ................................................................ 16

      K.   Interrogatory 19 ................................................................ 16

      L.   Interrogatory 20 ................................................................ 21

      M.  Interrogatory 21 ................................................................ 23

      N.   Interrogatory 22 ................................................................ 26

      O.   Interrogatory 23 ................................................................ 28

      P.   Interrogatory 24 ................................................................ 31

      Q.   Interrogatory 25 ................................................................ 33

TABLE OF CONTENTS

R.    Defective Verification ................................................................... 36

III.    INTERROGATORIES PROPOUNDED BY CITY OF CULVER CITY
ON PLAINTIFF KANDACE SIMPLIS .......................................... 39

A.    Untimely Responses ..................................................................... 37

B.    Interrogatory 10 ............................................................................ 37

C.    Interrogatory 11 ............................................................................ 39

D.    Interrogatory 13 ............................................................................ 40

E.    Interrogatory 14 ............................................................................ 42

F.    Interrogatory 15 ............................................................................ 43

G.    Interrogatory16 ............................................................................. 44

H.    Interrogatory 18 ............................................................................ 45

I.    Interrogatory 19 ............................................................................ 45

J.    Interrogatory 20 ............................................................................ 46

K.    Interrogatory 21 ............................................................................ 47

L.    Interrogatory 23 ............................................................................ 48

M.    Interrogatory 24 ............................................................................ 51

N.    Interrogatory 25 ............................................................................ 53

O.    Defective Verification ................................................................... 56

IV.    INTERROGATORIES PROPOUNDED BY CITY OF CULVER CITY
ON PLAINTIFF KYRA S. ............................................................. 56

A.    Untimely Responses ..................................................................... 56

B.    Interrogatory 4 ................................................................ 56

C.    Interrogatory 6 ................................................................ 58

D.    Interrogatory 7 ................................................................ 60

E.    Interrogatory 8 ................................................................ 61

F.    Interrogatory 10 .............................................................. 63

G.    Interrogatory 11 .............................................................. 64

H.    Interrogatory 12 .............................................................. 66

I.    Interrogatory 13 .............................................................. 67

J.    Interrogatory 14 .............................................................. 69

K.    Interrogatory 15 .............................................................. 70

L.    Interrogatory 16 .............................................................. 72

M.    Interrogatory 19 .............................................................. 73

N.    Interrogatory 20 .............................................................. 74

O.    Defective Verification ...................................................... 75

V.    INTERROGATORIES PROPOUNDED BY CITY OF CULVER CITY
      ON PLAINTIFF KAILYNN G. ......................................... 76

      A.    Untimely Responses ................................................. 76

      B.    Interrogatory 4 ......................................................... 76

      C.    Interrogatory 6 ......................................................... 78

      D.    Interrogatory 7 ......................................................... 79

      E.    Interrogatory 8 ......................................................... 81

- iii -

TABLE OF CONTENTS

F.  Interrogatory 11 ................................................................ 82

G.  Interrogatory 12 ................................................................ 84

H.  Interrogatory 13 ................................................................ 85

I.  Interrogatory 14 ................................................................ 87

J.  Interrogatory 15 ................................................................ 88

K.  Interrogatory 16 ................................................................ 90

L.  Interrogatory 19 ................................................................ 91

M.  Interrogatory 20 ................................................................ 92

N.  Defective Verification ..................................................... 93

VI.  SANCTIONS ................................................................... 94

VII.  CONCLUSION ................................................................ 94

## MEMORANDUM OF POINTS & AUTHORITIES

**I.   INTRODUCTION  & ATTEMPTED INFORMAL SOLUTIONS**

This lawsuit arises out of the fatal shooting of Lejoy Grissom by Culver City Police Officer Luis Martinez.  On July 21, 2011, Defendants City of Culver City and Chief Don Pedersen propounded interrogatories on Plaintiffs Kandace Simplis, Kailyinn G., and Kyra S.  See Exhibits "A" through "D".  Responses to this discovery were due on August 23, 2011.  After not receiving any response, the defendants sent a meet and confer letter on August 29, 2011, requesting that plaintiffs provide verified responses without objection by September 2, 2011.  See Exhibit "E".  Still not receiving any responses, the defendants prepared a joint stipulation and delivered their portion to plaintiffs' counsel on September 13, 2011.  At 7:54 p.m. that evening, the responses were finally e-mailed and served by mail.  See Exhibits "F"-"I".

Although the plaintiffs had waived their right to object to the discovery by failing to timely serve any responses or timely request an extension of time to do the same, the discovery responses were – and continue to be – riddled with meritless and inapplicable objections, inadequate, and evasive.  As such, in light of the rapidly approaching discovery cut-off date of October 25, 2011, just two days after receiving the Simplis plaintiffs' discovery responses, on September 15, 2011, defense counsel e-mailed a second meet and confer letter to counsel for the Simplis plaintiffs on September 15, 2011, as required under Local Rule 37-1.  The letter proposed a conference of counsel as required by Local Rule 37-1 on September 19, 2011.  See Exhibit "J".  Counsel for the Simplis plaintiffs did not appear for that meeting and did not request that the meeting be rescheduled.

Late in the day of September 19, 2011, defense counsel received a voice message from counsel for the Simplis plaintiffs advising that supplemental responses would be forthcoming and proposing a meeting to discuss the discovery responses.  Thereafter, defense counsel e-mailed Mr. Fredman and proposed a

1  date and time for the meeting.  When defense counsel never received a response
2  from counsel for the Simplis plaintiffs to confirm the date and time for the
3  meeting, and in light of the quickly approaching discovery cut-off date, on
4  September 22, 2011, defense counsel e-mailed counsel for the Simplis plaintiffs
5  the defendants' portion of the joint discovery stipulation addressing the numerous
6  issues with the Simplis plaintiffs' discovery responses.  See Exhibits "K" and "L".
7  In this e-mail, defense counsel advised plaintiffs' counsel that "*If your clients*
8  *provide verified, supplemental responses without objection to the matters*
9  *addressed herein, there will not be a need to proceed with the joint stipulation*
10  *process.  However, if no such responses are provided, please provide your portion*
11  *of the joint stipulation to me as required by Local Rule 37-2.2.*"  Exhibit "K".
12      After defense counsel sent this e-mail, plaintiffs' counsel advised that he
13  was available to meet the following afternoon, September 23, 2011.  On Friday,
14  September 23, 2011, at 3:00 p.m., plaintiff's counsel did not appear at defense
15  counsel's office for an in-person meeting, but, instead, called defense counsel to
16  discuss the issues with the discovery responses.  During that conversation,
17  plaintiffs' counsel again assured that supplemental responses would be
18  forthcoming, which would address "most" of the issues raised by the defendants
19  in the meet and confer letter and joint discovery stipulation.  In an effort to
20  informally resolve the issues, defense counsel requested that plaintiffs' counsel
21  provide a list of the interrogatories the plaintiffs would be supplementing by
22  Monday morning, September 26, 2011, so that defense counsel could
23  appropriately tailor the joint discovery stipulation.
24      On Monday, September 26, 2011, at 12:23 p.m., plaintiffs' counsel e-
25  mailed defense counsel, stating that he was still working on preparing the list of
26  interrogatories that would be supplemented.  See Exhibit "M".  That same day,
27  plaintiffs' counsel again e-mailed defense counsel, stating that he was still
28

- 2 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1  working on preparing the list of interrogatories that would be supplemented and

2  promising a list by Tuesday morning, September 27, 2011. See Exhibit "N".

3          On Tuesday, September 27, 2011, at 12:45 p.m., when defense counsel still

4  had not received an e-mail from plaintiffs' counsel indicating which responses (if

5  any) would be supplemented – and, again, operating against a discovery cut-off

6  date of October 25, 2011 – defense counsel e-mailed plaintiffs' counsel inquiring

7  about the list and requesting verified, supplemental responses by September 29,

8  2011.  Furthermore, in an attempt to alleviate the time constraints, defense

9  counsel offered, "*I will agree to giving you an extension to provide these*

10 *supplemental responses, provided that you stipulate to allow the hearing of any*

11 *motion to compel that may be necessary to take place after the discovery cut-off*

12 *date.*" See Exhibit "O".

13         On September 29, 2011, plaintiffs' counsel again e-mailed and promised

14 that supplemental responses would be forthcoming, but requested that the

15 plaintiffs be provided additional time to serve those supplemental responses.  In

16 yet another attempt to avoid burdening the court with law and motion, on

17 September 29, 2011, defense counsel e-mailed plaintiffs' counsel and stated, "*As I*

18 *indicated in my previous e-mail, I am willing to provide additional time for you to*

19 *serve supplemental responses, provided that you stipulate to allow any motion to*

20 *compel that may be necessary to be filed and heard after the discovery cut-off.  To*

21 *that end, please sign and return the attached stipulation.  In the absence of your*

22 *signature on this stipulation, I cannot provide additional time.*" See Exhibits "P"

23 and "Q".

24         As of the date of this declaration, the defendants have not received either a

25 list of interrogatories that would be supplemented or any supplemental responses

26 from the Simplis plaintiffs.  The date of this motion (October 4, 2011) is the last

27 day that defendants have to file a discovery-related motion to have it timely heard

28 before the discovery cut-off date.  The defendants can no longer afford to wait for

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1  the plaintiffs to follow through on their "promise" to provide supplemental

2  responses.  Moreover, although the defendants proposed providing the plaintiffs

3  with additional time to serve supplemental responses, provided that the defendants

4  receive a reciprocal extension to file any necessary motions to compel, the

5  plaintiffs have refused to respond to any such proposal.  As such, the defendants

6  have been forced to file the instant motion.

7  **II.    DISCOVERY REQUESTS IN DISPUTE – INTERROGATORIES**

8  **PROPOUNDED BY CHIEF DON PEDERSEN ON PLAINTIFF**

9  **KANDACE SIMPLIS**

10     **A.    Untimely Responses**

11     All of Plaintiff Simplis' responses contain objections.  However, all

12  objections have been waived by virtue of the untimely nature of the responses.

13  Fed. R. Civ. Pro. 33(b)(4) ("The grounds for objecting to an interrogatory must be

14  stated with specificity. Any ground not stated in a timely objection is waived

15  unless the court, for good cause, excuses the failure."). As such, all responses are

16  deficient. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468,

17  1473 (9th Cir.1992) ("It is well established that a failure to object to discovery

18  requests within the time required constitutes a waiver of any objection."), cert.

19  denied, 506 U.S. 948 (1992); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)

20  ("Generally, in the absence of an extension of time or good cause, the failure to

21  object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver

22  of any objection. This is true even of an objection that the information sought is

23  privileged."); City of Rialto v. U.S. Dep't of Def., 492 F.Supp.2d 1193, 1201-02

24  (C.D. Cal.2007) (concluding that a party's failure to timely object to a document

25  request constituted a waiver of the attorney-client privilege as to the documents in

26  question).  Because all of plaintiff's responses are expressly conditioned on the

27  objections asserted therein, they are all deficient and further responses should be

28  compelled.

- 4 -

1    **B.    Interrogatory 2**

2         **1.    Interrogatory**

3         State your current residence address and list each residence address at which

4    you have resided for the past five years.

5         **2.    Plaintiff's Response**

6         Plaintiff incorporates her general objections.  Plaintiff further objects that

7    this interrogatory seeks information protected from disclosure by the right to

8    privacy.  Plaintiff further objects that this Interrogatory seeks information that is

9    not reasonably calculated to lead to the discovery of admissible evidence.  Subject

10   to and without waiving the foregoing objections, Plaintiff responds as follows:

11        Ms. Simplis can be reached through her counsel of record.

12        **3.    Defendant's Contention**

13        All of plaintiff's objections have been waived by virtue of her untimely

14   response.  Fed. R. Civ. Pro. 33(b)(4) ("The grounds for objecting to an

15   interrogatory must be stated with specificity. Any ground not stated in a timely

16   objection is waived unless the court, for good cause, excuses the failure.").  As

17   such, as discussed above, all responses are deficient.

18        Federal Rule 37(a)(2)(B), allows the discovering party to move for an order

19   compelling an answer, a designation, or an inspection in accordance with a specific

20   discovery request.  Answers that are evasive or incomplete are treated as a failure

21   to disclose.  Fed. R. Civ. Pro. 37(a)(3).  This answer is non-responsive to the

22   interrogatory.  Fed. R. Civ. Pro. 33(b)(3) (requiring full response to each

23   interrogatory); see Bashkin v. San Diego County, Slip Copy, 2011 WL 109229,

24   *30 (S.D. Cal. 2011) ("Kluge's response is completely non-responsive. As

25   Plaintiff correctly points out, the interrogatory asked about documentation of

26   Kluge's suspicion or belief of Plaintiff's alleged trespass. However, Kluge

27   completely disregards the call of the question and provides a generic account of the

28   incident without mentioning any documentation whatsoever.  If Kluge did not

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1   document the alleged trespass, he should state so. If he did document the alleged

2   trespass in any way, he should set forth how he documented his suspicion or belief,

3   whether it be on a Field Interview Report, CAD entry, et cetera. However, **in no**

4   **event may Kluge again ignore the actual question Plaintiff poses.**") (emphasis

5   added).

6         The plaintiff cannot obfuscate her answer to this clearly relevant

7   interrogatory by providing a generic response.  As the <u>Bashkin</u> court noted, the

8   plaintiff cannot simply ignore the actual question posed to her.  Where the

9   information is relevant to determine if she ever lived with the decedent during the

10  period of time prior to his death, the information should be compelled under Rule

11  37.

12  **C.**      **Interrogatory 5**

13           **1.**      **Interrogatory**

14        Itemize all other pecuniary losses that you contend that you have incurred as

15  a result of the incident that gives rise to this litigation.

16           **2.**      **Plaintiff's Response**

17        Plaintiff incorporates her general objections.  Plaintiff further objects that

18  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

19  Interrogatory to the extent it seeks information or documents protected from

20  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

21  further objects to this Interrogatory to the extent it seeks information or documents

22  protected from disclosure by the physician-patient privilege or psychiatrist-patient

23  privilege.  Plaintiff further objects to the extent that this interrogatory seeks

24  information protected by the expert witness privilege.  Plaintiff further objects that

25  this interrogatory seeks information protected from disclosure by the right to

26  privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

27  Subject to and without waiving the foregoing objections, Plaintiff responds as

28  follows:

- 6 -

1   After a diligent search and reasonable inquiry, Plaintiff has no information

2   responsive to this request.  Plaintiff's investigation is ongoing.  She will

3   supplement this response if and when additional responsive information becomes

4   available.

5   ## 3.   **Defendant's Contention**

6   As noted above, all of plaintiff's objections have been waived by virtue of

7   her untimely response.

8   Federal Rule 37(a)(2)(B), allows the discovering party to move for an order

9   compelling an answer, a designation, or an inspection in accordance with a specific

10   discovery request.  Answers that are evasive or incomplete are treated as a failure

11   to disclose. Fed. R. Civ. Pro. 37(a)(3).  The plaintiffs' answer is non-responsive to

12   the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County,

13   Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

14   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

15   Here the plaintiff has expressly made a claim for pecuniary loss in seeking

16   compensatory damages.  [Doc. 30 – Second Amended Complaint.]  However, she

17   refuses to provide an itemization of what exactly that loss is or any type of

18   quantifiable sum.  Just as the further response that was ordered in Bashkin, the

19   plaintiff should be compelled to either provide a factual response or state that no

20   such loss actually occurred.

21   ## D.   **Interrogatory 6**

22   ### 1.   **Interrogatory**

23   If you contend that during the last (10) years of the decedent's life the

24   decedent contributed financially towards any of your expenses, state the precise

25   amount of such support for each year.

26   ### 2.   **Plaintiff's Response**

27   Plaintiff incorporates her general objections.  Plaintiff further objects that

28   this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

1   Interrogatory to the extent it seeks information or documents protected from

2   disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

3   further objects to this Interrogatory to the extent it seeks information or documents

4   protected from disclosure by the physician-patient privilege or psychiatrist-patient

5   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

6   information protected by the expert witness privilege.  Plaintiff further objects that

7   this interrogatory seeks information protected from disclosure by the right to

8   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

9   Subject to and without waiving the foregoing objections, Plaintiff responds as

10   follows:

11          After a diligent search and reasonable inquiry, Plaintiff has no information

12   responsive to this request.  Plaintiff's investigation is ongoing.  She will

13   supplement this response if and when additional responsive information becomes

14   available.

15   **3.      Defendant's Contention**

16          As noted above, all of plaintiff's objections have been waived by virtue of

17   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

18   interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

19   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

20   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).  Here the plaintiff has

21   brought a wrongful death action where she seeks damages for the lost financial

22   support provided by the decedent. [Doc. 30 – Second Amended Complaint, p.9-10

23   ("As a proximate cause of Defendants' conduct, and each of them, Plaintiffs

24   suffered harm, including a complete destruction of Lejoy's capacity to carry on

25   and enjoy life's activities, the destruction of his earning capacity, the loss of gifts

26   or benefits that Plaintiffs could have expected to receive from Lejoy, the expense

27   for Lejoy's funeral and burial, the value of household services that Lejoy would

28

- 8 -

1   have provided, and the loss of Lejoy's love, companionship, comfort, care,

2   assistance, protection, affection, society, and moral support.").]

3          Despite placing this item of damages in controversy, the plaintiff refuses to

4   provide an itemization of what exactly that loss is or any type of quantifiable sum

5   showing financial support from Lejoy.  Just as the further response that was

6   ordered in <u>Bashkin</u>, the plaintiff should be compelled to either provide a factual

7   response or state that no such loss actually occurred.

8          **E.   <u>Interrogatory 11</u>**

9              **1.   <u>Interrogatory</u>**

10          Describe any future expenses that you anticipate incurring as a result of the

11   alleged civil rights violations by the City of Culver City or its employees and the

12   death of the decedent.

13              **2.   <u>Plaintiff's Response</u>**

14          Plaintiff incorporates her general objections.  Plaintiff further objects that

15   this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

16   Interrogatory to the extent it seeks information or documents protected from

17   disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

18   further objects to this Interrogatory to the extent it seeks information or documents

19   protected from disclosure by the physician-patient privilege or psychiatrist-patient

20   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

21   information protected by the expert witness privilege.  Plaintiff further objects that

22   this interrogatory seeks information protected from disclosure by the right to

23   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

24   Subject to and without waiving the foregoing objections, Plaintiff responds as

     follows:

25          After a diligent search and reasonable inquiry, Plaintiff has no information

26   responsive to this request.  Plaintiff's investigation is ongoing.  She will

27

28                                        - 9 -

1  supplement this response if and when additional responsive information becomes

2  available.

### 3.    Defendant's Contention

4      First, as noted above, all of plaintiff's objections have been waived by virtue

5  of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to

6  the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County,

7  Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

8  Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

9      Here the plaintiff has brought a wrongful death action where she seeks

10  future damages through such things as the continued suffering of emotional

11  distress, future household services, and loss of support.  [Doc. 30 – Second

12  Amended Complaint, p.9-10 ("As a proximate cause of Defendants' conduct, and

13  each of them, Plaintiffs suffered harm, **including a complete destruction of**

14  **Lejoy's capacity to carry on and enjoy life's activities**, the destruction of his

15  earning capacity, **the loss of gifts or benefits that Plaintiffs could have expected**

16  **to receive from Lejoy**, the expense for Lejoy's funeral and burial, the value of

17  household services that Lejoy would have provided, and the loss of Lejoy's love,

18  companionship, comfort, care, assistance, protection, affection, society, and moral

19  support.") (emphasis added).]

20      Despite placing this item of damages in controversy, the plaintiff refuses to

21  provide an itemization of what exactly that loss is or any type of quantifiable sum

22  showing that it is a proper measure of damages.  Just as the further response that

23  was ordered in Bashkin, the plaintiff should be compelled to either provide a

24  factual response or state that no such loss actually occurred.

25  ///

26  ///

27  ///

28  ///

- 10 -

**F.**     **Interrogatory 12**

　　**1.**     **Interrogatory**

If the decedent performed any type of service for you during the last ten (10) years of the decedent's life, provide a general description of the services provide to the plaintiff during that time period.

　　**2.**     **Plaintiff's Response**

Plaintiff incorporates her general objections.  Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff performed childcare services and household services.

　　**3.**     **Defendant's Contention**

First, as noted above, all of plaintiff's objections have been waived by virtue of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).  Here, the plaintiff has brought a wrongful death action where she seeks damages for the loss of services that were provided by Lejoy Grissom while he was living.  [Doc. 30 – Second Amended Complaint, p.9-10 ("As a proximate cause of Defendants' conduct, and each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to carry on and enjoy life's activities, the destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could have expected to receive from Lejoy, the expense for Lejoy's funeral and burial, **the value of household services that Lejoy would have provided**, and the loss of Lejoy's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.") (emphasis added).]

- 11 -

1    Despite placing this item of damages in controversy, the plaintiff refuses to

2    provide an itemization of what exactly that loss is or any type of quantifiable sum

3    showing that it is a proper measure of damages.  Just as the further response that

4    was ordered in Bashkin, the plaintiff should be compelled to either provide a

5    factual response or state that no such loss actually occurred.

6    **G.    Interrogatory 13**

7            **1.    Interrogatory**

8    If you seek compensation for damages in this litigation based on the loss of

9    the decedent's love, companionship, comfort, affection, society, solace and/or

10   moral support, describe the nature and extent of all such damages.

11           **2.    Plaintiff's Response**

12   Plaintiff incorporates her general objections.  Plaintiff further objects that

13   this Interrogatory is vague and ambiguous.

14   Mr. Grissom was Plaintiff's husband.

15           **3.    Defendant's Contention**

16   First, as noted above, all of plaintiff's objections have been waived by virtue of her

17   untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

18   interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

19   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

20   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).  Here, the plaintiff has

21   brought a wrongful death action where she seeks damages for the loss of

22   companionship, affection, on other items as a result of Lejoy Grissom's death.

23   [Doc. 30 – Second Amended Complaint, p.9-10 ("As a proximate cause of

24   Defendants' conduct, and each of them, Plaintiffs suffered harm, including a

25   complete destruction of Lejoy's capacity to carry on and enjoy life's activities, the

26   destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could

27   have expected to receive from Lejoy, the expense for Lejoy's funeral and burial,

28   the value of household services that Lejoy would have provided, and the loss of

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1  Lejoy's **love, companionship, comfort, care, assistance, protection, affection,**
2  **society, and moral support**.") (emphasis added).]

3      Despite placing this item of damages in controversy, the plaintiff refuses to
4  provide any measure of damages supporting it.  This is despite the fact that all
5  objections have been waived, so that any preliminary reports from economists
6  serving as expert witnesses would have information responsive to this request.
7  Just as the further response that was ordered in <u>Bashkin</u>, the plaintiff should be
8  compelled to either provide a factual response or state that no such loss actually
9  occurred.

10      **H.      Interrogatory 14**

11          **1.      Interrogatory**

12      If the decedent died testate, state the following: (a) the date of execution of
13  the decedent's most recent Last Will and Testament and/or codicil; (b) the name
14  and address of the court where any probate proceedings were initiated; (c) the case
15  number of any probate proceedings initiated; (d) the name, address, and telephone
16  number of each and every executor named in the most recent Last Will and
17  Testament and/or codicil; and, (e) the name, address, and relationship to the
18  decedent of each beneficiary named in the most recent Last Will and Testament
19  and/or codicil, and the bequest made to each.

20          **2.      Plaintiff's Response**

21      Plaintiff incorporates her general objections.  Plaintiff further objects that
22  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this
23  Interrogatory to the extent it seeks information or documents protected from
24  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff
25  further objects that this interrogatory seeks information protected from disclosure
26  by the right to privacy.  Subject to and without waiving the foregoing objections,
27  Plaintiff responds as follows:

28

- 13 -

1    After a diligent search and reasonable inquiry, Plaintiff has no information

2  responsive to this request.  Plaintiff's investigation is ongoing.  She will

3  supplement this response if and when additional responsive information becomes

4  available.

5              **3.    Defendant's Contention**

6    First, as noted above, all of plaintiff's objections have been waived by virtue

7  of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to

8  the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County,

9  Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

10  Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

11    As the decedent's wife, Ms. Simplis would absolutely know whether a

12  probate action was filed so as to either dispose of his possessions through a testate

13  or intestate distribution.  Rather than just come out and describe the nature of the

14  probate action, she obfuscates the issue by saying she has no information.  In light

15  of this evasive response, the Court should order the plaintiff to provide a

16  declaration describing the steps she took to locate the information.  See Fresenius

17  Medical Care Holding Inc. v. Baxter Intern., Inc., 224 F.R.D. 644, 658 (N.D.Cal.

18  2004). ("A party has an obligation to make a reasonable efforts to locate all

19  responsive documents and information necessary to fully respond to

20  interrogatories. Where Fresenius has demonstrated good cause to believe that

21  Baxter has not complied with this duty to locate all responsive information, the

22  Court has Ordered Baxter to detail its search efforts in a declaration signed under

23  penalty of perjury. Similarly, where Fresenius has demonstrated good cause to

24  believe that Baxter has not produced all located information, the Court has Ordered

25  Baxter to certify under penalty of perjury that it has produced everything it has

26  located.")

27  ///

28  ///

- 14 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

I.   **Interrogatory 17**

    1.   **Interrogatory**

    State the name, address, and phone number of the grandmother you allege Layla Grissom and the decedent were on their way to visit in Venice, California.

    2.   **Plaintiff's Response**

    Plaintiff incorporates her general objections.  Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

    After a diligent search and reasonable inquiry, Plaintiff has no information responsive to this request.  Plaintiff's investigation is ongoing.  She will supplement this response if and when additional responsive information becomes available.

    3.   **Defendant's Contention**

    First, as noted above, all of plaintiff's objections have been waived by virtue of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

    Aside from the meritless objections that have been waived, this response is again evasive.  In their Second Amended Complaint, plaintiffs state that "[o]n or about April 25, LeJoy and his sister, Layla Grissom ("Layla"), were on their way to visit their grandmother in the Venice area.  They were going to visit her because the following day their grandmother was set to have heart surgery, which she did." [Doc. 30, ¶16.]  The identity of this woman is now squarely in controversy and the very idea that Lejoy and Layla were on the way to visit their grandmother is disputed by the defendants, making the information entirely relevant to prove a disputed fact and thus discoverable.  Fed. R. Evid. 402; Fed. R. Civ. Pro. 26(b)(1).

-15-

**J.    Interrogatory 18**

    **1.    Interrogatory**

If you were legally married to Decedent Lejoy Grissom, state: (a) the date on which you were married; (b) the city, state and country in which you were married; and (c) whether, at any time after the marriage, you were legally separated or divorced from the decedent.

    **2.    Plaintiff's Response**

Plaintiff incorporates her general objections. Plaintiff further objects that this Interrogatory is vague and ambiguous. Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy. Plaintiff further objects that this Interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

    (a) April 6, 2009

    (b) Los Angeles, CA United States

    (c) Not legally separated.

    **3.    Defendant's Contention**

This response is incomplete. Fed. R. Civ. Pro. 37(a)(3) (allowing party to move to compel further response that is evasive or incomplete). The interrogatory in part (c) asked for whether the plaintiff was separated or divorced. The plaintiff only responds with she was "[n]ot legally separated." However, this does not address whether she was in fact divorced from the decedent, the second part of the interrogatory. Accordingly, the response itself is incomplete.

**K.    Interrogatory 19**

    **1.    Interrogatory**

Do you contend that following the shooting, the decedent was left on the ground for an unreasonable period of time before medical assistance was summoned or provided, as alleged in your Operative Complaint? If so, (a) please

1   state all facts upon which you base your contention; (b) identify by providing the

2   name, address, and telephone number of all persons with knowledge or

3   information regarding your contention; and (c) identify all documents relating to

4   the facts and contentions in your response to this interrogatory.

### 2.   Plaintiff's Response

6       Plaintiff incorporates her general objections.  Plaintiff objects on the basis

7   that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

8   and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

9   181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

10  428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

11  broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

12  1998) (providing "every fact" could require "laborious, time consuming analysis,

13  search and description of every incidental, secondary, and perhaps irrelevant and

14  trivial details.")  Plaintiff further objects that this Interrogatory is vague and

15  ambiguous.

16      Plaintiff further objects to this Interrogatory to the extent it seeks

17  information or documents protected from disclosure by the attorney-client and

18  attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

19  the extent it seeks information or documents protected from disclosure by the

20  physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

21  objects to the extent that this interrogatory seeks information protected by the

22  expert witness privilege.  Plaintiff further objects that this interrogatory seeks

23  information protected from disclosure by the right to privacy.  Plaintiff further

24  objects that this interrogatory calls for an expert opinion.

25      Plaintiff further objects that the information sought by this interrogatory is

26  equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

27  information sought by this interrogatory is known to defense witnesses and is

28  contained in documents that have already been produced by the defendants or are

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1   in the defendants' possession.  Plaintiff further objects on the basis that she is

2   unable to answer the interrogatory at the time because discovery and investigation

3   is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

4   F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

5   discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

6   Plaintiff further objects that this Interrogatory seeks information that is not

7   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

8   further objects that this interrogatory contains distinct subparts, and is compound.

9   Subject to and without waiving the foregoing objections, Plaintiff responds as

10  follows:

11       (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

12  pose an immediate threat of death or serious bodily injury at the time of the

13  shooting.  He was not attempting to flee at the time of the shooting.  No officer

14  saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

15  After Mr. Grissom was shot, officers then approached him and handcuffed him

16  leaving him bleeding to death in the parking lot.  No officer gave a warning that

17  they were about to fire upon Mr. Grissom.  The involved officers' actions were

18  then ratified in this case, and none of the other officers in this incident were re-

19  trained or disciplined.

20       (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

21  Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

22  Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

23  Medeiros; Witnesses identified in Defendant's Initial Disclosures.

24       (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

25  00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

26  CDs containing surveillance footage; aerial photographs of the scene; photographs

27  of the scene; photographs of clothing; photographs of cars; CDs of witness

28  interviews.

- 18 -

### 3.    Defendant's Contention

First, as noted above, all of plaintiff's objections have been waived by virtue of her untimely response.

Beyond this readily apparent defect in the response that itself renders it appropriate to a motion to compel (as all of the responses are made "subject to" the objections), plaintiff's contentions regarding all fact interrogatories is without merit.  In <u>Beckner v. El Cajon Police Department</u>, 2008 WL 2033708, *5 (S.D.Cal. 2008), the court considered the following interrogatory posed to the defendant: "state all facts which support your contention that the defendants denied you proper medical care with deliberate indifference ..."  In response the plaintiff only stated that "he has already provided to defendant counsel all supporting facts and documentation."  <u>Id</u>. In ruling on the motion to compel, the court was clear:

> "This is insufficient. 'Each interrogatory must, to the extent it is not
> objected to, be answered separately and fully in writing,' Rule
> 33(b)(3), and an "evasive or incomplete" answer must be treated as a
> failure to answer, Rule 17(a)(4). The interrogatory asks for a set of
> facts, not documents, yet Plaintiff fails to provide a single fact in
> response to Defendants' question. Instead, he puts the burden on
> Defendants to sift through all discovery provided thus far, searching
> for those facts they can assume support Plaintiff's claims.  Plaintiff's
> answer is therefore both evasive and incomplete. He is thus ordered to
> supplement his response by stating in writing "all facts which support
> [his] contention that the defendants denied [him] proper medical care
> with deliberate indifference." <u>Id</u>.

Thus, despite the plaintiff's contentions to the contrary, these types of interrogatories are used routinely.  See <u>Kob v. County of Martin</u>, Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009) ("Defendants asked for documents related to specific statements and allegations in the complaint. Plaintiff's reason for not

1  producing documents was that the language of the complaint, which Plaintiff

2  drafted, was 'vague, ambiguous, overbroad, unduly burdensome, and oppressive.'

3  This is a puzzling response, since Plaintiff drafted the complaint.  Nevertheless,

4  Plaintiff's boilerplate objections are insufficient.")  Whereas here the

5  interrogatories relate to allegations in the Second Amended Complaint,

6  particularized responses describing individual facts should be ordered.  To the

7  extent no facts exist, the plaintiff should be required to so state instead of

8  obfuscating behind the inherent vagueness in the response.  See Bashkin v. San

9  Diego County, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011) ("Kluge's

10  response is completely non-responsive. As Plaintiff correctly points out, the

11  interrogatory asked about documentation of Kluge's suspicion or belief of

12  Plaintiff's alleged trespass. However, Kluge completely disregards the call of the

13  question and provides a generic account of the incident without mentioning any

14  documentation whatsoever.  If Kluge did not document the alleged trespass, he

15  should state so. If he did document the alleged trespass in any way, he should set

16  forth how he documented his suspicion or belief, whether it be on a Field Interview

17  Report, CAD entry, et cetera. However, **in no event may Kluge again ignore the**

18  **actual question Plaintiff poses**."); Jadwin v. County of Kern, Slip Copy, 2008

19  WL 2064514, *2 (E.D. Cal. 2008) ("Each interrogatory must 'to the extent it is not

20  objected to, be answered separately and fully in writing under oath.' Fed. R. Civ.

21  P. 33(b)(3).  'Parties must provide true, explicit, responsive, complete, and candid

22  answers to interrogatories.'  If a responding party is unable to supply requested

23  information, 'the party may not simply refuse to answer, but must state under oath

24  that he is unable to provide the information and 'set forth the efforts he used to

25  obtain the information.'") (citing Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305

26  (E.D. Pa. 1996).

27  ///

28  ///

- 20 -

L.   **Interrogatory 20**

   1.   **Interrogatory**

Do you contend that a custom, practice or policy existed at the Culver City Police Department that "allowed this bad shooting to occur", as alleged in your Operative Complaint?  If so, (a) please state all facts upon which you base your contention; (b) identify by providing the name, address, and telephone number of all persons with knowledge or information regarding your contention; and (c) identify all documents relating to the facts and contentions in your response to this interrogatory.

   2.   **Plaintiff's Response**

Plaintiff incorporates her general objections.  Plaintiff objects on the basis that "state all facts" interrogatories of this kind are unduly burdensome, harassing, and an improper use of the discovery process.  See *Safeco of America v. Rawstron*, 181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of every incidental, secondary, and perhaps irrelevant and trivial details.")  Plaintiff further objects that this Interrogatory is vague and ambiguous.

Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further objects to the extent that this interrogatory seeks information protected by the expert witness privilege.  Plaintiff further objects that this interrogatory seeks

- 21 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.; REQUEST FOR SANCTIONS

1  information protected from disclosure by the right to privacy.  Plaintiff further

2  objects that this interrogatory calls for an expert opinion.

3        Plaintiff further objects that the information sought by this interrogatory is

4  equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

5  information sought by this interrogatory is known to defense witnesses and is

6  contained in documents that have already been produced by the defendants or are

7  in the defendants' possession.  Plaintiff further objects on the basis that she is

8  unable to answer the interrogatory at the time because discovery and investigation

9  is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

10  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

11  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

12  Plaintiff further objects that this Interrogatory seeks information that is not

13  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

14  further objects that this interrogatory contains distinct subparts, and is compound.

15  Subject to and without waiving the foregoing objections, Plaintiff responds as

16  follows:

17        (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

18  pose an immediate threat of death or serious bodily injury at the time of the

19  shooting.  He was not attempting to flee at the time of the shooting.  No officer

20  saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

21  After Mr. Grissom was shot, officers then approached him and handcuffed him

22  leaving him bleeding to death in the parking lot.  No officer gave a warning that

23  they were about to fire upon Mr. Grissom.  The involved officers' actions were

24  then ratified in this case, and none of the other officers in this incident were re-

25  trained or disciplined.

26        (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

27  Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

28

- 22 -

1  Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

2  Medeiros; Witnesses identified in Defendant's Initial Disclosures.

3      (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

4  00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

5  CDs containing surveillance footage; aerial photographs of the scene; photographs

6  of the scene; photographs of clothing; photographs of cars; CDs of witness

7  interviews.

8           **3.    Defendant's Contention**

9      First, as noted above, all of plaintiff's objections have been waived by virtue

10  of her untimely response.  Moreover, as also noted above, plaintiff's contentions

11  regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

12  Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,

13  Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,

14  Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

15  Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

16  F.R.D. 303, 305 (E.D. Pa. 1996).

17      **M.    Interrogatory 21**

18           **1.    Interrogatory**

19      Do you contend that a custom, practice or policy existed at the Culver City

20  Police Department that "allowed this bad shooting to occur", as alleged in your

21  Operative Complaint?  If so, (a) please state all facts upon which you base your

22  contention; (b) identify by providing the name, address, and telephone number of

23  all persons with knowledge or information regarding your contention; and (c)

24  identify all documents relating to the facts and contentions in your response to this

25  interrogatory.

26           **2.    Plaintiff's Response**

27      Plaintiff incorporates her general objections.  Plaintiff objects on the basis

28  that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

1  and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

2  181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

3  428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

4  broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

5  1998) (providing "every fact" could require "laborious, time consuming analysis,

6  search and description of every incidental, secondary, and perhaps irrelevant and

7  trivial details.")  Plaintiff further objects that this Interrogatory is vague and

8  ambiguous.

9        Plaintiff further objects to this Interrogatory to the extent it seeks

10  information or documents protected from disclosure by the attorney-client and

11  attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

12  the extent it seeks information or documents protected from disclosure by the

13  physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

14  objects to the extent that this interrogatory seeks information protected by the

15  expert witness privilege.  Plaintiff further objects that this interrogatory seeks

16  information protected from disclosure by the right to privacy.  Plaintiff further

17  objects that this interrogatory calls for an expert opinion.

18        Plaintiff further objects that the information sought by this interrogatory is

19  equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

20  information sought by this interrogatory is known to defense witnesses and is

21  contained in documents that have already been produced by the defendants or are

22  in the defendants' possession.  Plaintiff further objects on the basis that she is

23  unable to answer the interrogatory at the time because discovery and investigation

24  is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

25  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

26  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

27  Plaintiff further objects that this Interrogatory seeks information that is not

28  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

1   further objects that this interrogatory contains distinct subparts, and is compound.
2   Subject to and without waiving the foregoing objections, Plaintiff responds as
3   follows:

4       (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not
5   pose an immediate threat of death or serious bodily injury at the time of the
6   shooting.  He was not attempting to flee at the time of the shooting.  No officer
7   saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.
8   After Mr. Grissom was shot, officers then approached him and handcuffed him
9   leaving him bleeding to death in the parking lot.  No officer gave a warning that
10   they were about to fire upon Mr. Grissom.  The involved officers' actions were
11   then ratified in this case, and none of the other officers in this incident were re-
12   trained or disciplined.

13       (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer
14   Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;
15   Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda
16   Medeiros; Witnesses identified in Defendant's Initial Disclosures.

17       (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-
18   00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);
19   CDs containing surveillance footage; aerial photographs of the scene; photographs
20   of the scene; photographs of clothing; photographs of cars; CDs of witness
21   interviews.

### 3.  **Defendant's Contention**

23       First, as noted above, all of plaintiff's objections have been waived by virtue
24   of her untimely response.  Moreover, as also noted above, plaintiff's contentions
25   regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police
26   Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,
27   Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,
28   Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

2    F.R.D. 303, 305 (E.D. Pa. 1996).

3    **N.**    **Interrogatory 22**

4         **1.**    **Interrogatory**

5         Do you contend that evidence at the scene of the shooting was concealed,

6    lost, or destroyed to protect Officer Luis Martinez, as alleged in your Operative

7    Complaint?  If so, (a) please state all facts upon which you base your contention;

8    (b) identify by providing the name, address, and telephone number of all persons

9    with knowledge or information regarding your contention; and (c) identify all

10   documents relating to the facts and contentions in your response to this

11   interrogatory.

12        **2.**    **Plaintiff's Response**

13        Plaintiff incorporates her general objections.  Plaintiff objects on the basis

14   that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

15   and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

16   181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

17   428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

18   broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

19   1998) (providing "every fact" could require "laborious, time consuming analysis,

20   search and description of every incidental, secondary, and perhaps irrelevant and

21   trivial details.")  Plaintiff further objects that this Interrogatory is vague and

22   ambiguous.

23        Plaintiff further objects to this Interrogatory to the extent it seeks

24   information or documents protected from disclosure by the attorney-client and

25   attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

26   the extent it seeks information or documents protected from disclosure by the

27   physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

28   objects to the extent that this interrogatory seeks information protected by the

1   expert witness privilege.  Plaintiff further objects that this interrogatory seeks

2   information protected from disclosure by the right to privacy.  Plaintiff further

3   objects that this interrogatory calls for an expert opinion.

4        Plaintiff further objects that the information sought by this interrogatory is

5   equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

6   information sought by this interrogatory is known to defense witnesses and is

7   contained in documents that have already been produced by the defendants or are

8   in the defendants' possession.  Plaintiff further objects on the basis that she is

9   unable to answer the interrogatory at the time because discovery and investigation

10  is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

11  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

12  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

13  Plaintiff further objects that this Interrogatory seeks information that is not

14  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

15  further objects that this interrogatory contains distinct subparts, and is compound.

16  Subject to and without waiving the foregoing objections, Plaintiff responds as

17  follows:

18       (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

19  pose an immediate threat of death or serious bodily injury at the time of the

20  shooting.  He was not attempting to flee at the time of the shooting.  No officer

21  saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

22  After Mr. Grissom was shot, officers then approached him and handcuffed him

23  leaving him bleeding to death in the parking lot.  No officer gave a warning that

24  they were about to fire upon Mr. Grissom.  The involved officers' actions were

25  then ratified in this case, and none of the other officers in this incident were re-

26  trained or disciplined.

27       (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

28  Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1   Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

2   Medeiros; Witnesses identified in Defendant's Initial Disclosures.

3       (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

4   00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

5   CDs containing surveillance footage; aerial photographs of the scene; photographs

6   of the scene; photographs of clothing; photographs of cars; CDs of witness

7   interviews.

8               **3.    Defendant's Contention**

9       First, as noted above, all of plaintiff's objections have been waived by virtue

10  of her untimely response.  Moreover, as also noted above, plaintiff's contentions

11  regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

12  Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,

13  Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,

14  Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

15  Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

16  F.R.D. 303, 305 (E.D. Pa. 1996).

17  **O.    Interrogatory 23**

18          **1.    Interrogatory**

19      State each and every action taken by a Culver City Police Department

20  officer that you contend was a negligent police tactic, including the name(s) of the

21  officer(s) who took such action.

22          **2.    Plaintiff's Response**

23      Plaintiff incorporates her general objections.  Plaintiff objects on the basis

24  that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

25  and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

26  181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

27  428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

28  broad. See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

1   1998) (providing "every fact" could require "laborious, time consuming analysis,

2   search and description of every incidental, secondary, and perhaps irrelevant and

3   trivial details.")  Plaintiff further objects that this Interrogatory is vague and

4   ambiguous.

5       Plaintiff further objects to this Interrogatory to the extent it seeks

6   information or documents protected from disclosure by the attorney-client and

7   attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

8   the extent it seeks information or documents protected from disclosure by the

9   physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

10  objects to the extent that this interrogatory seeks information protected by the

11  expert witness privilege.  Plaintiff further objects that this interrogatory seeks

12  information protected from disclosure by the right to privacy.  Plaintiff further

13  objects that this interrogatory calls for an expert opinion.

14      Plaintiff further objects that the information sought by this interrogatory is

15  equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

16  information sought by this interrogatory is known to defense witnesses and is

17  contained in documents that have already been produced by the defendants or are

18  in the defendants' possession.  Plaintiff further objects on the basis that she is

19  unable to answer the interrogatory at the time because discovery and investigation

20  is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

21  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

22  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

23  Plaintiff further objects that this Interrogatory seeks information that is not

24  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

25  further objects that this interrogatory contains distinct subparts, and is compound.

26  Subject to and without waiving the foregoing objections, Plaintiff responds as

27  follows:

28

- 29 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1      1.     Negligent conducting of the traffic stop: Roy Lopez, Luis Martinez,

2  Jeff Zerby, Mike Fairbanks, Leon Moore, Leon Lopez, Sgt. Kellum, Sgt. Reppucci

3      2.     Negligent tactics at the scene: Roy Lopez, Luis Martinez, Jeff Zerby,

4  Mike Fairbanks, Leon Moore, Leon Lopez, Sgt. Kellum, Sgt. Reppucci

5      3.     Negligently drawing, aiming and discharging weapons: Roy Lopez,

6  Luis Martinez, Jeff Zerby, Mike Fairbanks, Leon Moore, Leon Lopez, Sgt.

7  Kellum, Sgt. Reppucci

8      4.     Pre-shooting tactical negligence: Roy Lopez, Luis Martinez, Jeff

9  Zerby, Mike Fairbanks, Leon Moore, Leon Lopez, Sgt. Kellum, Sgt. Reppucci

10      5.     Negligent training, hiring, and retention: City of Culver City, the

11  Culver City Police Department, Chief Pedersen, and all its employees and sworn

12  officers

13      6.     Supervisors were negligent in their control and direction of the tactics

14  and the officers at the scene: Sgt. Kellum, Sgt. Reppucci

15      **3.**    **Defendant's Contention**

16      First, as noted above, all of plaintiff's objections have been waived by virtue

17  of her untimely response.  Moreover, as also noted above, plaintiff's contentions

18  regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

19  Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,

20  Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,

21  Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

22  Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

23  F.R.D. 303, 305 (E.D. Pa. 1996).  The plaintiff never identifies any "facts" that

24  would suggest that any of the actions were "negligent."  Rather, the plaintiff's

25  response is nothing more than a conclusory re-statement of the allegations in the

26  Second Amended Complaint.

27  ///

28  ///

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    **P.**     **Interrogatory 24**

2          **1.**     **Interrogatory**

3          Do you contend that the Culver City Police Department was negligent in the

4    hiring, training, selection, retention and disciplining of Officer Luis Martinez, as

5    alleged in your Operative Complaint?  If so, (a) please state all facts upon which

6    you base your contention; (b) identify by providing the name, address, and

7    telephone number of all persons with knowledge or information regarding your

8    contention; and (c) identify all documents relating to the facts and contentions in

9    your response to this interrogatory.

10          **2.**     **Plaintiff's Response**

11          Plaintiff incorporates her general objections.  Plaintiff objects on the basis

12   that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

13   and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

14   181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

15   428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

16   broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

17   1998) (providing "every fact" could require "laborious, time consuming analysis,

18   search and description of every incidental, secondary, and perhaps irrelevant and

19   trivial details.")  Plaintiff further objects that this Interrogatory is vague and

20   ambiguous.

21          Plaintiff further objects to this Interrogatory to the extent it seeks

22   information or documents protected from disclosure by the attorney-client and

23   attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

24   the extent it seeks information or documents protected from disclosure by the

25   physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

26   objects to the extent that this interrogatory seeks information protected by the

27   expert witness privilege.  Plaintiff further objects that this interrogatory seeks

28                                                   - 31 -

1   information protected from disclosure by the right to privacy.  Plaintiff further

2   objects that this interrogatory calls for an expert opinion.

3        Plaintiff further objects that the information sought by this interrogatory is

4   equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

5   information sought by this interrogatory is known to defense witnesses and is

6   contained in documents that have already been produced by the defendants or are

7   in the defendants' possession.  Plaintiff further objects on the basis that she is

8   unable to answer the interrogatory at the time because discovery and investigation

9   is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

10  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

11  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

12  Plaintiff further objects that this Interrogatory seeks information that is not

13  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

14  further objects that this interrogatory contains distinct subparts, and is compound.

15  Subject to and without waiving the foregoing objections, Plaintiff responds as

16  follows:

17       (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

18  pose an immediate threat of death or serious bodily injury at the time of the

19  shooting.  He was not attempting to flee at the time of the shooting.  No officer

20  saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

21  After Mr. Grissom was shot, officers then approached him and handcuffed him

22  leaving him bleeding to death in the parking lot.  No officer gave a warning that

23  they were about to fire upon Mr. Grissom.  The involved officers' actions were

24  then ratified in this case, and none of the other officers in this incident were re-

25  trained or disciplined.

26       (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

27  Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

28

1   Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

2   Medeiros; Witnesses identified in Defendant's Initial Disclosures.

3          (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

4   00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

5   CDs containing surveillance footage; aerial photographs of the scene; photographs

6   of the scene; photographs of clothing; photographs of cars; CDs of witness

7   interviews.

8          **3.     Defendant's Contention**

9          First, as noted above, all of plaintiff's objections have been waived by virtue

10   of her untimely response.  Moreover, as also noted above, plaintiff's contentions

11   regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

12   Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,

13   Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,

14   Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

15   Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

16   F.R.D. 303, 305 (E.D. Pa. 1996).

17          **Q.     Interrogatory 25**

18          **1.     Interrogatory**

19          Plaintiff incorporates her general objections.  Plaintiff objects on the basis

20   that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

21   and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

22   181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

23   428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

24   broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

25   1998) (providing "every fact" could require "laborious, time consuming analysis,

26   search and description of every incidental, secondary, and perhaps irrelevant and

27   trivial details.")  Plaintiff further objects that this Interrogatory is vague and

28   ambiguous.

- 33 -

1    Plaintiff further objects to this Interrogatory to the extent it seeks

2  information or documents protected from disclosure by the attorney-client and

3  attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

4  the extent it seeks information or documents protected from disclosure by the

5  physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

6  objects to the extent that this interrogatory seeks information protected by the

7  expert witness privilege.  Plaintiff further objects that this interrogatory seeks

8  information protected from disclosure by the right to privacy.  Plaintiff further

9  objects that this interrogatory calls for an expert opinion.

10    Plaintiff further objects that the information sought by this interrogatory is

11  equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

12  information sought by this interrogatory is known to defense witnesses and is

13  contained in documents that have already been produced by the defendants or are

14  in the defendants' possession.  Plaintiff further objects on the basis that she is

15  unable to answer the interrogatory at the time because discovery and investigation

16  is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

17  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

18  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

19  Plaintiff further objects that this Interrogatory seeks information that is not

20  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

21  further objects that this interrogatory contains distinct subparts, and is compound.

22  Subject to and without waiving the foregoing objections, Plaintiff responds as

23  follows:

24    Do you contend that the Culver City Police Department knew or should

25  have known that Officer Luis Martinez, serving as a police officer, presented an

26  undue risk of harm to the general public, as alleged in your Operative Complaint?

27  If so, (a) please state all facts upon which you base your contention; (b) identify by

28  providing the name, address, and telephone number of all persons with knowledge

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1  or information regarding your contention; and (c) identify all documents relating to

2  the facts and contentions in your response to this interrogatory.

3      **2.**  **Plaintiff's Response**

4    (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

5  pose an immediate threat of death or serious bodily injury at the time of the

6  shooting.  He was not attempting to flee at the time of the shooting.  No officer

7  saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

8  After Mr. Grissom was shot, officers then approached him and handcuffed him

9  leaving him bleeding to death in the parking lot.  No officer gave a warning that

10  they were about to fire upon Mr. Grissom.  The involved officers' actions were

11  then ratified in this case, and none of the other officers in this incident were re-

12  trained or disciplined.

13    (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

14  Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

15  Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

16  Medeiros; Witnesses identified in Defendant's Initial Disclosures.

17    (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

18  00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

19  CDs containing surveillance footage; aerial photographs of the scene; photographs

20  of the scene; photographs of clothing; photographs of cars; CDs of witness

21  interviews.

22      **3.**  **Defendant's Contention**

23    First, as noted above, all of plaintiff's objections have been waived by virtue

24  of her untimely response.  Moreover, as also noted above, plaintiff's contentions

25  regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

26  Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,

27  Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,

28  Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

1  Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

2  F.R.D. 303, 305 (E.D. Pa. 1996).

3       **R.     Defective Verification**

4            **1.     Defendant's Contention**

5       Plaintiff's verification is undated.  See 28 U.S.C. § 1746.  That section

6  provides that:

7       "Wherever, under any law of the United States or under any rule,

8       regulation, order, or requirement made pursuant to law, any matter is

9       required or permitted to be supported, evidenced, established, or

10      proved by the sworn declaration, verification, certificate, statement,

11      oath, or affidavit, in writing of the person making the same (other than

12      a deposition, or an oath of office, or an oath required to be taken

13      before a specified official other than a notary public), such matter

14      may, with like force and effect, be supported, evidenced, established,

15      or proved by the unsworn declaration, certificate, verification, or

16      statement, in writing of such person which is subscribed by him, as

17      true under penalty of perjury, and dated, in substantially the following

18      form:

19      (1) If executed without the United States: "I declare (or certify, verify,

20      or state) under penalty of perjury under the laws of the United States

21      of America that the foregoing is true and correct. Executed on (date).

22      (Signature)".

23      (2) If executed within the United States, its territories, possessions, or

24      commonwealths: "I declare (or certify, verify, or state) under penalty

25      of perjury that the foregoing is true and correct. Executed on (date).

26      (Signature)".

27

28

- 36 -

1      Where plaintiff's verification does not contain a date, it does not

2  comply with this portion of the Judiciary Code, expressly applicable to the

3  Federal Rules of Civil Procedure, and therefore is ineffective.

4  **III.**    **INTERROGATORIES PROPOUNDED BY CITY OF CULVER CITY**

5         **TO PLAINTIFF KANDACE SIMPLIS**

6      **A.**    **Untimely Responses**

7         **1.**    **Defendant's Contention**

8      All of Plaintiff Simplis' responses contain objections.  However, all

9  objections have been waived by virtue of the untimely nature of the responses.

10  Fed. R. Civ. Pro. 33(b)(4); Richmark Corp. v. Timber Falling Consultants, 959

11  F.2d 1468, 1473 (9th Cir.1992); Davis v. Fendler, 650 F.2d 1154, 1160 (9th

12  Cir.1981); City of Rialto v. U.S. Dep't of Def., 492 F.Supp.2d 1193, 1201-02

13  (C.D. Cal.2007).

14      **B.**    **Interrogatory 10**

15         **1.**    **Interrogatory**

16      State the name, address, and telephone number, each of the decedent's

17  employers within the ten (10) years prior to the decedent's death, including the

18  approximate dates that the decedent was employed at each place.

19         **2.**    **Plaintiff's Response**

20      Plaintiff incorporates her general objections.  Plaintiff further objects that

21  this interrogatory seeks information protected from disclosure by the right to

22  privacy.  Plaintiff further objects that this Interrogatory seeks information that is

23  not reasonably calculated to lead to the discovery of admissible evidence.

24  Subject to and without waiving the foregoing objections, Plaintiff responds as

25  follows:

26      After diligent search and reasonable inquiry, Plaintiff has no information

27  responsive to this request.  Plaintiff's investigation is ongoing.  She will

28

- 37 -

1 | supplement this response if and when additional responsive information becomes

2 | available.

### 3.    Defendant's Contention

4 | As noted above, all of plaintiff's objections have been waived by virtue of

5 | her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

6 | interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

7 | Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

8 | Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

9 | Moreover, because the plaintiff has stated that she is unable to provide a

10 | response due to a lack of information, she is required to describe the efforts she

11 | used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL

12 | 2064514, *2 (E.D. Cal. 2008) ("Each interrogatory must 'to the extent it is not

13 | objected to, be answered separately and fully in writing under oath.' Fed. R. Civ.

14 | P. 33(b)(3).  'Parties must provide true, explicit, responsive, complete, and candid

15 | answers to interrogatories.'  **If a responding party is unable to supply requested**

16 | **information, 'the party may not simply refuse to answer, but must state under**

17 | **oath that he is unable to provide the information and 'set forth the efforts he**

18 | **used to obtain the information.'")** (emphasis added) (citing Hansel v. Shell Oil

19 | Corp., 169 F.R.D. 303, 305 (E.D. Pa. 1996) ("If a party cannot furnish details, he

20 | should say so under oath, say why and set forth the efforts he used to obtain the

21 | information.  He cannot plead ignorance to information that is from sources within

22 | his control.").  This should be particularly true in this case, where the information

23 | relates to the identity of the decedent's employers so that they have the ability to

24 | corroborate any claim for lost financial support, which the plaintiff is making.

25 | [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and each of them,

26 | Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to

27 | carry on and enjoy life's activities, **the destruction of his earning capacity, the**

28 | **loss of gifts or benefits that Plaintiffs could have expected to receive from**

1  **Lejoy**, the expense for Lejoy's funeral and burial, the value of household services
2  that Lejoy would have provided, and the loss of Lejoy's love, companionship,
3  comfort, care, assistance, protection, affection, society, and moral support. In
4  addition, they suffered severe emotional distress."]

5       If no such facts exist, rather than attempt to obfuscate, the plaintiff should
6  simply state so.

7       **C.    Interrogatory 11**

8            **1.    Interrogatory**

9       State the gross annual income of the decedent for each of the ten (10) years
10 prior to the decedent's death.

11           **2.    Plaintiff's Response**

12      Plaintiff incorporates her general objections.  Plaintiff further objects that
13 this interrogatory seeks information protected from disclosure by the right to
14 privacy.  Plaintiff further objects that this Interrogatory seeks information that is
15 not reasonably calculated to lead to the discovery of admissible evidence.
16 Subject to and without waiving the foregoing objections, Plaintiff responds as
17 follows:

18      After diligent search and reasonable inquiry, Plaintiff has no information
19 responsive to this request.  Plaintiff's investigation is ongoing.  She will
20 supplement this response if and when additional responsive information becomes
21 available.

22           **3.    Defendant's Contention**

23      As noted above, all of plaintiff's objections have been waived by virtue of
24 her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the
25 interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip
26 Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police
27 Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

28

- 39 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    Moreover, because the plaintiff has stated that she is unable to provide a
2 response due to a lack of information, she is required to describe the efforts she
3 used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL
4 2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where
5 the information relates to the amount of lost financial support the plaintiff is
6 claiming as a damage.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants'
7 conduct, and each of them, Plaintiffs suffered harm, including a complete
8 destruction of Lejoy's capacity to carry on and enjoy life's activities, **the**
9 **destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs**
10 **could have expected to receive from Lejoy**, the expense for Lejoy's funeral and
11 burial, the value of household services that Lejoy would have provided, and the
12 loss of Lejoy's love, companionship, comfort, care, assistance, protection,
13 affection, society, and moral support. In addition, they suffered severe emotional
14 distress."]

15    If no such facts exist, rather than attempt to obfuscate, the plaintiff should
16 simply state so.

17    **D.    Interrogatory 13**

18        **1.    Interrogatory**

19    If the decedent was afflicted with any physical or mental disorder, infirmity,
20 illness or abnormality within the five year time period prior to his death, describe
21 in detail each such physical or mental disorder, infirmity, illness or abnormality,
22 including the period of time suffered.

23        **2.    Plaintiff's Response**

24    Plaintiff incorporates her general objections.  Plaintiff further objects that
25 this Interrogatory is vague and ambiguous as to "any physical or mental disorder,
26 infirmity, illness or abnormality."  Plaintiff further objects to this interrogatory to
27 the extent it seeks information or documents protected from disclosure by the
28 physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

1  objects that this Interrogatory seeks information that is not reasonably calculated to
2  lead to the discovery of admissible evidence. Plaintiff further objects that this
3  interrogatory seeks information protected from disclosure by the right to privacy.

4  **3.   Defendant's Contention**

5  As noted above, all of plaintiff's objections have been waived by virtue of
6  her untimely response.

7  Moreover, even if the right to privacy objections could be raised, they are
8  without merit. The right of privacy is balanced against the public interest in
9  disclosure. The party seeking disclosure must show that the public interest is
10 significant and that the information is likely to advance that interest. The relevant
11 factors to be considered in determining the scope of protection to be afforded
12 individual privacy rights includes: 1) the encroachment of the individual's privacy
13 right; 2) whether the encroachment would impact an area that has traditionally
14 been off limits for most regulation; 3) whether the information is available from
15 other sources; 4) the extent to which the privacy rights impinge on the rights of
16 others; and 5) whether the interests of society at large encourage a need for the
17 encroachment. Pagano v. Oroville Hospital, 145 F.R.D. 683, 699 (E.D. Cal. 1993).
18 Moreover, **the privacy interests of the deceased diminishes with the passage of**
19 **time**. Powell v. United States, 584 F.Supp. 1508, 1526 (N.D.Cal.1984). As to the
20 last two figures, a significant factor is the extent to which the plaintiff has put the
21 matter in controversy, which has unequivocally happened here by seeking damages
22 for lost financial support. [Doc. 30, ¶ 33 - "As a proximate cause of Defendants'
23 conduct, and each of them, Plaintiffs suffered harm, including a complete
24 destruction of Lejoy's capacity to carry on and enjoy life's activities, **the**
25 **destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs**
26 **could have expected to receive from Lejoy**, the expense for Lejoy's funeral and
27 burial, the value of household services that Lejoy would have provided, and the
28 loss of Lejoy's love, companionship, comfort, care, assistance, protection,

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    affection, society, and moral support. In addition, they suffered severe emotional

2    distress."]  With the first factor also tipping in favor of disclosure due to the

3    extended passage of time between this joint stipulation and the date of death, as

4    well as the third factor weighing heavily in favor, there is no grounded claim of an

5    invasion of privacy present.

6        E.    **Interrogatory 14**

7            1.    **Interrogatory**

8        State the name, address, telephone number and specialty of all health care

9    providers – including, but not limited to, doctors, physicians, surgeons, osteopaths,

10   chiropractors, podiatrists, dentists, psychologists, psychiatrists and other health

11   care professionals – who examined or treated the decedent at any time during the

12   last ten (10) years of the decedent's life.

13           2.    **Plaintiff's Response**

14       Plaintiff incorporates her general objections.  Plaintiff further objects that

15   this Interrogatory is vague and ambiguous as to "any physical or mental disorder,

16   infirmity, illness or abnormality."  Plaintiff further objects to this interrogatory to

17   the extent it seeks information or documents protected from disclosure by the

18   physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

19   objects that this Interrogatory seeks information that is not reasonably calculated to

20   lead to the discovery of admissible evidence.  Plaintiff further objects that this

21   interrogatory seeks information protected from disclosure by the right to privacy.

22           3.    **Defendant's Contention**

23       As noted above, all of plaintiff's objections have been waived by virtue of

24   her untimely response.

25       Moreover, even if the right to privacy objections could be raised, they are

26   without merit.  See Pagano v. Oroville Hospital, 145 F.R.D. 683, 699 (E.D. Cal.

27   1993); Powell v. United States, 584 F.Supp. 1508, 1526 (N.D.Cal.1984).  With the

28   first factor also tipping in favor of disclosure due to the extended passage of time

1  between this joint stipulation and the date of death, as well as the third factor

2  weighing heavily in favor, there is no grounded claim of an invasion of privacy

3  present.

4  **F.   Interrogatory 15**

5       **1.   Interrogatory**

6       If the decedent made, filed, or prosecuted, or caused to be made, filed, or

7  prosecuted on his behalf, any claim for damages or compensation for bodily injury

8  against any person or entity during the last ten (10) years of his life, state the name,

9  address and telephone number, the person or entity involved in each such claim, as

10 well as the venue where each such claim was filed.

11       **2.   Plaintiff's Response**

12      Plaintiff incorporates her general objections.  Plaintiff further objects that

13 this interrogatory seeks information protected from disclosure by the right to

14 privacy.  Plaintiff further objects that this Interrogatory seeks information that is

15 not reasonably calculated to lead to the discovery of admissible evidence.

16 Subject to and without waiving the foregoing objections, Plaintiff responds as

17 follows:

18      After diligent search and reasonable inquiry, Plaintiff has no information

19 responsive to this request.  Plaintiff's investigation is ongoing.  She will

20 supplement this response if and when additional responsive information becomes

21 available.

22      **3.   Defendant's Contention**

23      As noted above, all of plaintiff's objections have been waived by virtue of

24 her untimely response.

25      Moreover, intuitively, the decedent's general health and whether he had any

26 abnormalities is inextricably linked with his capacity to work, which is the basis

27 for plaintiff's loss of financial support claims.  As such, there is a direct correlation

28

- 43 -

1 | between the interrogatory and a damage being sought by the plaintiff.

2 | Accordingly, a further response should be compelled.

3 | **G.    Interrogatory 16**

4 | **1.    Interrogatory**

5 | Describe the extent to which the decedent used tobacco products, if any,

6 | during the last twenty-five (25) years of the decedent's life, specifying the

7 | particular form of tobacco used, and the average quantity used per week.

8 | **2.    Plaintiff's Response**

9 | Plaintiff incorporates her general objections.  Plaintiff further objects that

10 | this interrogatory seeks information protected from disclosure by the right to

11 | privacy.  Plaintiff further objects that this Interrogatory seeks information that is

12 | not reasonably calculated to lead to the discovery of admissible evidence.

13 | Subject to and without waiving the foregoing objections, Plaintiff responds as

14 | follows:

15 | Plaintiff believes that Mr. Grissom had smoked 1 pack of cigarettes every 4-

16 | 5 days, but that he had ceased smoking cigarettes in the second half of the year

17 | 2009.

18 | **3.    Defendant's Contention**

19 | As noted above, all of plaintiff's objections have been waived by virtue of

20 | her untimely response.

21 | Moreover, Federal Rule 37(a)(2)(B), allows the discovering party to move

22 | for an order compelling an answer, a designation, or an inspection in accordance

23 | with a specific discovery request.  Answers that are evasive or incomplete are

24 | treated as a failure to disclose.  Fed. R. Civ. Pro. 37(a)(3).  Here the answer is

25 | incomplete where the interrogatory called for the frequency of tobacco use over a

26 | 25 year period.  The plaintiff responds with "1 pack of cigarettes every 4-5 days,

27 | but that he had ceased smoking cigarettes in the second half of the year 2009."

28 | However, this does not describe when he started smoking.  Where the amount of

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1 tobacco a person smokes has a direct correlation on life expectancy, the

2 information is entirely relevant to the decedent's capacity to work as plaintiff has

3 made a loss of financial support claim.

4     **H.**   **Interrogatory 18**

5         **1.**   **Interrogatory**

6      Describe the extent to which the decedent used recreational drugs including,

7 but not limited to marijuana, cocaine, crack cocaine, methamphetamines, heroin,

8 etc., if any, during the last ten (10) years of the decedent's life, specifying the

9 particular type of recreational drug used, how the particular drug was ingested and

10 the average quantity consumed per week.

11         **2.**   **Plaintiff's Response**

12      Plaintiff incorporates her general objections.  Plaintiff further objects to this

13 interrogatory to the extent it seeks information or documents protected from

14 disclosure by the physician-patient privilege or psychiatrist-patient privilege.

15 Plaintiff further objects that this interrogatory seeks information protected from

16 disclosure by the right to privacy.  Plaintiff further objects that this Interrogatory

17 seeks information that is not reasonably calculated to lead to the discovery of

18 admissible evidence.

19         **3.**   **Defendant's Contention**

20      As noted above, all of plaintiff's objections have been waived by virtue of

21 her untimely response.  Because the response contains exclusively objections,

22 which at this point are improper, than this is in fact no response at all.

23     **I.**    **Interrogatory 19**

24         **1.**   **Interrogatory**

25      State the name, address, and telephone number, all pharmacies where any of

26 the decedent's prescription medications, if any, were filled during the last ten (10)

27 years of the decedent's life.

28 ///

1  **2.    Plaintiff's Response**

2  Plaintiff incorporates her general objections.  Plaintiff further objects to this

3  interrogatory to the extent it seeks information or documents protected from

4  disclosure by the physician-patient privilege or psychiatrist-patient privilege.

5  Plaintiff further objects that this interrogatory seeks information protected from

6  disclosure by the right to privacy.  Plaintiff further objects that this Interrogatory

7  seeks information that is not reasonably calculated to lead to the discovery of

8  admissible evidence.

9  After diligent search and reasonable inquiry, Plaintiff has no information

10  responsive to this request.  Plaintiff's investigation is ongoing.  She will

11  supplement this response if and when additional responsive information becomes

12  available.

13  **3.    Defendant's Contention**

14  As noted above, all of plaintiff's objections have been waived by virtue of

15  her untimely response.

16  Moreover, the decedent's general health and whether he was taking

17  medication for any condition bears on his ability to work.  That ability to work is

18  in turn the basis for plaintiff's loss of financial support claims.  As such, there is a

19  direct correlation between the interrogatory and a damage being sought by the

20  plaintiff.  Accordingly, a further response should be compelled.

21  **J.    Interrogatory 20**

22  **1.    Interrogatory**

23  State the name, address, and telephone number, all holistic or traditional

24  medicine shops where any of the decedent's holistic or traditional medications, if

25  any, were acquired during the last ten (10) years of the decedent's life.

26  **2.    Plaintiff's Response**

27  Plaintiff incorporates her general objections.  Plaintiff further objects to this

28  interrogatory to the extent it seeks information or documents protected from

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1   disclosure by the physician-patient privilege or psychiatrist-patient privilege.

2   Plaintiff further objects that this interrogatory seeks information protected from

3   disclosure by the right to privacy.  Plaintiff further objects that this Interrogatory

4   seeks information that is not reasonably calculated to lead to the discovery of

5   admissible evidence.  Subject to and without waiving the foregoing objections,

6   Plaintiff responds as follows:

7          After diligent search and reasonable inquiry, Plaintiff has no information

8   responsive to this request.  Plaintiff's investigation is ongoing.  She will

9   supplement this response if and when additional responsive information becomes

10  available.

11              **3.    Defendant's Contention**

12          As noted above, all of plaintiff's objections have been waived by virtue of

13  her untimely response.

14          Moreover, the decedent's general health and whether he was taking

15  medication for any condition bears on his ability to work.  That ability to work is

16  in turn the basis for plaintiff's loss of financial support claims.  As such, there is a

17  direct correlation between the interrogatory and a damage being sought by the

18  plaintiff.  Accordingly, a further response should be compelled.

19      **K.    Interrogatory 21**

20              **1.    Interrogatory**

21          Did the decedent ever have an application for life, health, incident, medical

22  or casualty insurance rejected?

23              **2.    Plaintiff's Response**

24          Plaintiff incorporates her general objections.  Plaintiff further objects that

25  this interrogatory seeks information protected from disclosure by the right to

26  privacy.  Plaintiff further objects that this Interrogatory seeks information that is

27  not reasonably calculated to lead to the discovery of admissible evidence.  Subject

28  to and without waiving the foregoing objections, Plaintiff responds as follows:

1       After diligent search and reasonable inquiry, Plaintiff has no information

2   responsive to this request.  Plaintiff's investigation is ongoing.  She will

3   supplement this response if and when additional responsive information becomes

4   available.

5           **3.**   **Defendant's Contention**

6       As noted above, all of plaintiff's objections have been waived by virtue of

7   her untimely response.

8       Moreover, intuitively, the decedent's general health and whether he had any

9   abnormalities is inextricably linked with his capacity to work, which is the basis

10  for plaintiff's loss of financial support claims.  As such, there is a direct correlation

11  between the interrogatory and a damage being sought by the plaintiff.

12  Accordingly, a further response should be compelled.

13      **L.**   **Interrogatory 23**

14          **1.**   **Interrogatory**

15      Do you contend that Chief Pederson was aware of and allowed a custom,

16  practice or policy to exist at the Culver City Police Department that "allowed this

17  bad shooting to occur", as alleged in your Second Amended Complaint? If so, (a)

18  please state all facts upon which you base your contention; (b) identify by

19  providing the name, address, and telephone number, all persons with knowledge or

20  information regarding your contention; and (c) identify all documents relating to

21  the facts and contentions in your response to this interrogatory.

22          **2.**   **Plaintiff's Response**

23      Plaintiff incorporates her general objections.  Plaintiff objects on the basis

24  that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

25  and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

26  181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

27  428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

28  broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

1   1998) (providing "every fact" could require "laborious, time consuming analysis,

2   search and description of every incidental, secondary, and perhaps irrelevant and

3   trivial details.")  Plaintiff further objects that this Interrogatory is vague and

4   ambiguous.

5        Plaintiff further objects to this Interrogatory to the extent it seeks

6   information or documents protected from disclosure by the attorney-client and

7   attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

8   the extent it seeks information or documents protected from disclosure by the

9   physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

10  objects to the extent that this interrogatory seeks information protected by the

11  expert witness privilege.  Plaintiff further objects that this interrogatory seeks

12  information protected from disclosure by the right to privacy.  Plaintiff further

13  objects that this interrogatory calls for an expert opinion.

14       Plaintiff further objects that the information sought by this interrogatory is

15  equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

16  information sought by this interrogatory is known to defense witnesses and is

17  contained in documents that have already been produced by the defendants or are

18  in the defendants' possession.  Plaintiff further objects on the basis that she is

19  unable to answer the interrogatory at the time because discovery and investigation

20  is not sufficiently complete. See *Braun Med, Inc. v. Abbot Laboratories*, 155

21  F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

22  discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

23  Plaintiff further objects that this Interrogatory seeks information that is not

24  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

25  further objects that this interrogatory contains distinct subparts, and is compound.

26  Subject to and without waiving the foregoing objections, Plaintiff responds as

27  follows:

28
- 49 -

1    (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

2    pose an immediate threat of death or serious bodily injury at the time of the

3    shooting.  He was not attempting to flee at the time of the shooting.  No officer

4    saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

5    After Mr. Grissom was shot, officers then approached him and handcuffed him

6    leaving him bleeding to death in the parking lot.  No officer gave a warning that

7    they were about to fire upon Mr. Grissom.  The involved officers' actions were

8    then ratified in this case, and none of the other officers in this incident were re-

9    trained or disciplined.

10    (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

11    Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

12    Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

13    Medeiros; Witnesses identified in Defendant's Initial Disclosures.

14    (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

15    00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

16    CDs containing surveillance footage; aerial photographs of the scene; photographs

17    of the scene; photographs of clothing; photographs of cars; CDs of witness

18    interviews.

19    ###    3.    **Defendant's Contention**

20    First, as noted above, all of plaintiff's objections have been waived by virtue

21    of her untimely response.  Moreover, as also noted above, plaintiff's contentions

22    regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

23    Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,

24    Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,

25    Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

26    Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

27    F.R.D. 303, 305 (E.D. Pa. 1996).

28    ///

- 50 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

M.   **Interrogatory 24**

1.   **Interrogatory**

Do you contend that Chief Pederson was aware of and allowed a custom, practice or policy to exist at the Culver City Police Department that "allowed [the decedent] to lie on the ground bleeding to death without being helped", as alleged in your Second Amended Complaint? If so, (a) please state all facts upon which you base your contention; (b) identify by providing the name, address, and telephone number, all persons with knowledge or information regarding your contention; and (c) identify all documents relating to the facts and contentions in your response to this interrogatory.

2.   **Plaintiff's Response**

Plaintiff incorporates her general objections.  Plaintiff objects on the basis that "state all facts" interrogatories of this kind are unduly burdensome, harassing, and an improper use of the discovery process.  See *Safeco of America v. Rawstron*, 181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks. 1998) (providing "every fact" could require "laborious, time consuming analysis, search and description of every incidental, secondary, and perhaps irrelevant and trivial details.")  Plaintiff further objects that this Interrogatory is vague and ambiguous.

Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further objects to the extent that this interrogatory seeks information protected by the expert witness privilege.  Plaintiff further objects that this interrogatory seeks

1    information protected from disclosure by the right to privacy.  Plaintiff further

2    objects that this interrogatory calls for an expert opinion.

3         Plaintiff further objects that the information sought by this interrogatory is

4    equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

5    information sought by this interrogatory is known to defense witnesses and is

6    contained in documents that have already been produced by the defendants or are

7    in the defendants' possession.  Plaintiff further objects on the basis that she is

8    unable to answer the interrogatory at the time because discovery and investigation

9    is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

10   F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

11   discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

12   Plaintiff further objects that this Interrogatory seeks information that is not

13   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

14   further objects that this interrogatory contains distinct subparts, and is compound.

15   Subject to and without waiving the foregoing objections, Plaintiff responds as

16   follows:

17        (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

18   pose an immediate threat of death or serious bodily injury at the time of the

19   shooting.  He was not attempting to flee at the time of the shooting.  No officer

20   saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

21   After Mr. Grissom was shot, officers then approached him and handcuffed him

22   leaving him bleeding to death in the parking lot.  No officer gave a warning that

23   they were about to fire upon Mr. Grissom.  The involved officers' actions were

24   then ratified in this case, and none of the other officers in this incident were re-

25   trained or disciplined.

26        (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

27   Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

28

- 52 -

1   Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

2   Medeiros; Witnesses identified in Defendant's Initial Disclosures.

3       (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

4   00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

5   CDs containing surveillance footage; aerial photographs of the scene; photographs

6   of the scene; photographs of clothing; photographs of cars; CDs of witness

7   interviews.

8                    **3.    Defendant's Contention**

9       First, as noted above, all of plaintiff's objections have been waived by virtue

10  of her untimely response.  Moreover, as also noted above, plaintiff's contentions

11  regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

12  Department, 2008 WL 2033708, *5 (S.D.Cal. 2008); Kob v. County of Martin,

13  Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); Bashkin v. San Diego County,

14  Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Jadwin v. County of Kern,

15  Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008);  Hansel v. Shell Oil Corp., 169

16  F.R.D. 303, 305 (E.D. Pa. 1996).  Finally, the cut-and-paste response provided

17  does not respond to the interrogatory posed.

18      **N.    Interrogatory 25**

19          **1.    Interrogatory**

20      Do you contend that Chief Pederson trained the officers at the Culver City

21  Police Department in a negligent manner, as alleged in your Second Amended

22  Complaint? If so, (a) please state all facts upon which you base your contention;

23  (b) identify by providing the name, address, and telephone number, all persons

24  with knowledge or information regarding your contention; and (c) identify all

25  documents relating to the facts and contentions in your response to this

26  interrogatory.

27  ///

28  ///

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1

## 2.   Plaintiff's Response

2      Plaintiff incorporates her general objections.  Plaintiff objects on the basis

3   that "state all facts" interrogatories of this kind are unduly burdensome, harassing,

4   and an improper use of the discovery process.  See *Safeco of America v. Rawstron*,

5   181 F.R.D. 441, 446-448 (C.D. Cal. 1998); *Roberts v. Heim*, 130 F.R.D. 424, 427-

6   428 (N.D. Cal. 1989).  Plaintiff objects to the extent that this interrogatory is over-

7   broad.  See *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Ks.

8   1998) (providing "every fact" could require "laborious, time consuming analysis,

9   search and description of every incidental, secondary, and perhaps irrelevant and

10   trivial details.")  Plaintiff further objects that this Interrogatory is vague and

11   ambiguous.

12      Plaintiff further objects to this Interrogatory to the extent it seeks

13   information or documents protected from disclosure by the attorney-client and

14   attorney work-product privileges.  Plaintiff further objects to this Interrogatory to

15   the extent it seeks information or documents protected from disclosure by the

16   physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further

17   objects to the extent that this interrogatory seeks information protected by the

18   expert witness privilege.  Plaintiff further objects that this interrogatory seeks

19   information protected from disclosure by the right to privacy.  Plaintiff further

20   objects that this interrogatory calls for an expert opinion.

21      Plaintiff further objects that the information sought by this interrogatory is

22   equally available to Defendant as to Plaintiff.  Plaintiff further objects that the

23   information sought by this interrogatory is known to defense witnesses and is

24   contained in documents that have already been produced by the defendants or are

25   in the defendants' possession.  Plaintiff further objects on the basis that she is

26   unable to answer the interrogatory at the time because discovery and investigation

27   is not sufficiently complete.  See *Braun Med, Inc. v. Abbot Laboratories*, 155

28   F.R.D. 525, 527 (E.D. Pa. 1994) (permitting delay in response until designated

1   discovery completed); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007).

2   Plaintiff further objects that this Interrogatory seeks information that is not

3   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

4   further objects that this interrogatory contains distinct subparts, and is compound.

5   Subject to and without waiving the foregoing objections, Plaintiff responds as

6   follows:

7           (a) Mr. Grissom had his hands in the air at the time he was shot.  He did not

8   pose an immediate threat of death or serious bodily injury at the time of the

9   shooting.  He was not attempting to flee at the time of the shooting.  No officer

10   saw a gun in Mr. Grissom's hands, and no other officer fired at Mr. Grissom.

11   After Mr. Grissom was shot, officers then approached him and handcuffed him

12   leaving him bleeding to death in the parking lot.  No officer gave a warning that

13   they were about to fire upon Mr. Grissom.  The involved officers' actions were

14   then ratified in this case, and none of the other officers in this incident were re-

15   trained or disciplined.

16           (b) Chief Pederson; Det. Blagg; Sgt. Cochran; Officer Roy Lopez; Officer

17   Luis Martinez; Officer Derek Brown; Officer Jeff Zerby; Officer Mike Fairbanks;

18   Officer Leon Moore; Sgt. Leon Lopez; Sgt. Kellum; Sgt. Repucci; Amanda

19   Medeiros; Witnesses identified in Defendant's Initial Disclosures.

20           (c) Autopsy report; Officer Involved Shooting Investigation File No. 010-

21   00040-3199-013 Vol. I, II, & III; General Order 2007-03 (Use of Force Policy);

22   CDs containing surveillance footage; aerial photographs of the scene; photographs

23   of the scene; photographs of clothing; photographs of cars; CDs of witness

24   interviews.

25                   **3.    Defendant's Contention**

26           First, as noted above, all of plaintiff's objections have been waived by virtue

27   of her untimely response.  Moreover, as also noted above, plaintiff's contentions

28   regarding all fact interrogatories is without merit.  See Beckner v. El Cajon Police

1    <u>Department</u>, 2008 WL 2033708, *5 (S.D.Cal. 2008); <u>Kob v. County of Martin</u>,

2    Slip Copy, 2009 WL 3706820, *5 (N.D. Cal. 2009); <u>Bashkin v. San Diego County</u>,

3    Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Jadwin v. County of Kern</u>,

4    Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008); <u>Hansel v. Shell Oil Corp.</u>, 169

5    F.R.D. 303, 305 (E.D. Pa. 1996). Finally, the cut-and-paste response provided

6    does not respond to the interrogatory posed.

7       **O.    Defective Verification**

8            **1.    Defendant's Contention**

9       Plaintiff's verification is undated. <u>See</u> 28 U.S.C. § 1746. Where plaintiff's

10   verification does not contain a date, it does not comply with this portion of the

11   Judiciary Code, expressly applicable to the Federal Rules of Civil Procedure, and

12   therefore is ineffective.

13   **IV.   INTERROGATORIES PROPOUNDED BY CITY OF CULVER CITY**

14        **TO PLAINTIFF KYRA SIMPLIS**

15      **A.    Untimely Responses**

16           **1.    Defendant's Contention**

17      All of Plaintiff Simplis' responses contain objections. However, all

18   objections have been waived by virtue of the untimely nature of the responses.

19   Fed. R. Civ. Pro. 33(b)(4); <u>Richmark Corp. v. Timber Falling Consultants</u>, 959

20   F.2d 1468, 1473 (9th Cir.1992); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th

21   Cir.1981); <u>City of Rialto v. U.S. Dep't of Def.</u>, 492 F.Supp.2d 1193, 1201-02

22   (C.D. Cal.2007). Because all of plaintiff's responses are expressly conditioned on

23   the objections asserted therein, they are all deficient and further responses should

24   be compelled.

25      **B.    Interrogatory 4**

26           **1.    Interrogatory**

27      Itemize all economic losses that you contend that you have incurred as a

28   result of the incident that gives rise to this litigation.

1

## 2.    Plaintiff's Response

2      Plaintiff incorporates her general objections.  Plaintiff further objects that

3  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

4  Interrogatory to the extent it seeks information or documents protected from

5  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

6  further objects to this Interrogatory to the extent it seeks information or documents

7  protected from disclosure by the physician-patient privilege or psychiatrist-patient

8  privilege.  Plaintiff further objects to the extent that this interrogatory seeks

9  information protected by the expert witness privilege.  Plaintiff further objects that

10  this interrogatory seeks information protected from disclosure by the right to

11  privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

12  Subject to and without waiving the foregoing objections, Plaintiff responds as

13  follows:

14      After a diligent search and reasonable inquiry, Plaintiff has no information

15  responsive to this request.  Plaintiff's investigation is ongoing.  She will

16  supplement this response if and when additional responsive information becomes

17  available.

18

## 3.    Defendant's Contention

19      As noted above, all of plaintiff's objections have been waived by virtue of

20  her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

21  interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

22  Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

23  Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

24      Beyond that, because the plaintiff has stated that she is unable to provide a

25  response due to a lack of information, she is required to describe the efforts she

26  used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL

27  2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

28  the information relates to the economic damages, which the plaintiff seeks

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1  recovery for.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

2  each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

3  capacity to carry on and enjoy life's activities, **the destruction of his earning**

4  **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

5  **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

6  **household services that Lejoy would have provided**, and the loss of Lejoy's

7  love, companionship, comfort, care, assistance, protection, affection, society, and

8  moral support. In addition, they suffered severe emotional distress."]

9      If no such economic loss exists, rather than attempt to obfuscate, the

10 plaintiff should simply state so.

11     **C.    Interrogatory 6**

12         **1.    Interrogatory**

13     Itemize all other pecuniary losses that you contend that you have incurred as

14 a result of the incident that gives rise to this litigation.

15         **2.    Plaintiff's Response**

16     Plaintiff incorporates her general objections.  Plaintiff further objects that

17 this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

18 Interrogatory to the extent it seeks information or documents protected from

19 disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

20 further objects to this Interrogatory to the extent it seeks information or documents

21 protected from disclosure by the physician-patient privilege or psychiatrist-patient

22 privilege.  Plaintiff further objects to the extent that this interrogatory seeks

23 information protected by the expert witness privilege.  Plaintiff further objects that

24 this interrogatory seeks information protected from disclosure by the right to

25 privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

26 Subject to and without waiving the foregoing objections, Plaintiff responds as

27 follows:

28

- 58 -

1   After a diligent search and reasonable inquiry, Plaintiff has no information

2   responsive to this request.  Plaintiff's investigation is ongoing.  She will

3   supplement this response if and when additional responsive information becomes

4   available.

### 3.   Defendant's Contention

6   As noted above, all of plaintiff's objections have been waived by virtue of

7   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

8   interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

9   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

10   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

11   Beyond that, because the plaintiff has stated that she is unable to provide a

12   response due to a lack of information, she is required to describe the efforts she

13   used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL

14   2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

15   the information relates to the amount of economic damages , a claim the plaintiff is

16   making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and each

17   of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

18   capacity to carry on and enjoy life's activities, **the destruction of his earning**

19   **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

20   **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

21   **household services that Lejoy would have provided**, and the loss of Lejoy's

22   love, companionship, comfort, care, assistance, protection, affection, society, and

23   moral support. In addition, they suffered severe emotional distress."]

24   If no such loss exists, rather than attempt to obfuscate, the plaintiff should

25   simply state so.

26   ///

27   ///

28   ///

### D.     **Interrogatory 7**

#### 1.     **Interrogatory**

If you contend that during the last (10) years of the decedent's life Decedent Lejoy Grissom (hereinafter "the decedent") contributed financially towards any of your expenses, state the precise amount of such support for each year.

#### 2.     **Plaintiff's Response**

Plaintiff incorporates her general objections. Plaintiff further objects that this Interrogatory is vague and ambiguous. Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges. Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the physician-patient privilege or psychiatrist-patient privilege. Plaintiff further objects to the extent that this interrogatory seeks information protected by the expert witness privilege. Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy. Plaintiff further objects that this interrogatory calls for an expert opinion. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

After a diligent search and reasonable inquiry, Plaintiff has no information responsive to this request. Plaintiff's investigation is ongoing. She will supplement this response if and when additional responsive information becomes available.

#### 3.     **Defendant's Contention**

As noted above, all of plaintiff's objections have been waived by virtue of her untimely response. Moreover, the plaintiffs' answer is non-responsive to the interrogatory. See Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police Department</u>, 2008 WL 2033708 *5 (S.D. Cal., 2008).

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    Beyond that, because the plaintiff has stated that she is unable to provide a

2  response due to a lack of information, she is required to describe the efforts she

3  used to obtain the information.  <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

4  2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

5  the information relates to the amount of lost financial support, a claim the plaintiff

6  is making. [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

7  each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

8  capacity to carry on and enjoy life's activities, **the destruction of his earning**

9  **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

10  **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

11  **household services that Lejoy would have provided**, and the loss of Lejoy's

12  love, companionship, comfort, care, assistance, protection, affection, society, and

13  moral support. In addition, they suffered severe emotional distress."]

14    If no such financial support existed, rather than attempt to obfuscate, the

15  plaintiff should simply state so.

16    **E.    Interrogatory 8**

17        **1.    Interrogatory**

18    If you contend that during the last (10) years of the decedent's life the

19  decedent contributed financially towards any of your expenses, identify

20  sufficiently for purposes of a subpoena duces tecum, any and all documents known

21  to you that support your contention.

22        **2.    Plaintiff's Response**

23    Plaintiff incorporates her general objections.  Plaintiff further objects that

24  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

25  Interrogatory to the extent it seeks information or documents protected from

26  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

27  further objects to this Interrogatory to the extent it seeks information or documents

28  protected from disclosure by the physician-patient privilege or psychiatrist-patient

1    privilege.  Plaintiff further objects to the extent that this interrogatory seeks

2    information protected by the expert witness privilege.  Plaintiff further objects that

3    this interrogatory seeks information protected from disclosure by the right to

4    privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

5    Subject to and without waiving the foregoing objections, Plaintiff responds as

6    follows:

7          After a diligent search and reasonable inquiry, Plaintiff has no information

8    responsive to this request.  Plaintiff's investigation is ongoing.  She will

9    supplement this response if and when additional responsive information becomes

10   available.

11                    **3.    Defendant's Contention**

12         As noted above, all of plaintiff's objections have been waived by virtue of

13   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

14   interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

15   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

16   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

17         Beyond that, because the plaintiff has stated that she is unable to provide a

18   response due to a lack of information, she is required to describe the efforts she

19   used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL

20   2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

21   the information relates to the amount of lost financial support, a claim the plaintiff

22   is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

23   each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

24   capacity to carry on and enjoy life's activities, **the destruction of his earning**

25   **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

26   **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

27   **household services that Lejoy would have provided**, and the loss of Lejoy's

28                                     - 62 -

1  love, companionship, comfort, care, assistance, protection, affection, society, and

2  moral support. In addition, they suffered severe emotional distress."]

3       If no such financial support existed, rather than attempt to obfuscate, the

4  plaintiff should simply state so.

5       **F.    Interrogatory 10**

6            **1.    Interrogatory**

7       State the name, address, and telephone number of each health care provider

8  – including, but not limited to, doctors, physicians, surgeons, osteopaths,

9  chiropractors, podiatrists, dentists, psychologists, psychiatrists and other health

10  care professionals – who have examined or treated you at any time during the last

11  ten (10) years of the decedent's life.

12            **2.    Plaintiff's Response**

13       Plaintiff incorporates her general objections.  Plaintiff further objects that

14  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

15  Interrogatory to the extent it seeks information or documents protected from

16  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

17  further objects to this Interrogatory to the extent it seeks information or documents

18  protected from disclosure by the physician-patient privilege or psychiatrist-patient

19  privilege.  Plaintiff further objects to the extent that this interrogatory seeks

20  information protected by the expert witness privilege.  Plaintiff further objects that

21  this interrogatory seeks information protected from disclosure by the right to

22  privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

23  Subject to and without waiving the foregoing objections, Plaintiff responds as

24  follows:

25       The loss of Lejoy's love, companionship, comfort, care, assistance,

26  protection, affection, society, moral support, and the value of household services

27  that Lejoy would have provided.

28  ///

- 63 -

1          **3.**      **Defendant's Contention**

2          Federal Rule 37(a)(2)(B), allows the discovering party to move for an order

3   compelling an answer, a designation, or an inspection in accordance with a specific

4   discovery request.  Answers that are evasive or incomplete are treated as a failure

5   to disclose.  Fed. R. Civ. Pro. 37(a)(3).  Here, this answer is entirely non-

6   responsive to the interrogatory, which called for the identity of health-care

7   providers.  In what is a true demonstration of the generic, non-particularized, and

8   wholly evasive overall nature of these responses, the plaintiff responds with an

9   incoherent statement about the loss of love and companionship provided by Lejoy

10  Grissom.

11         **G.**      **Interrogatory 11**

12                **1.**      **Interrogatory**

13         Itemize, in detail, each and every item of economic damages that you

14  contend that you have incurred as a result of the alleged civil rights violations by

15  the City of Culver City or its employees and the death of the decedent.

16                **2.**      **Plaintiff's Response**

17         Plaintiff incorporates her general objections.  Plaintiff further objects that

18  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

19  Interrogatory to the extent it seeks information or documents protected from

20  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

21  further objects to this Interrogatory to the extent it seeks information or documents

22  protected from disclosure by the physician-patient privilege or psychiatrist-patient

23  privilege.  Plaintiff further objects to the extent that this interrogatory seeks

24  information protected by the expert witness privilege.  Plaintiff further objects that

25  this interrogatory seeks information protected from disclosure by the right to

26  privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

27  Subject to and without waiving the foregoing objections, Plaintiff responds:

28                                    - 64 -

1    After a diligent search and reasonable inquiry, Plaintiff has no information
2    responsive to this request.  Plaintiff's investigation is ongoing.  She will
3    supplement this response if and when additional responsive information becomes
4    available.

### 3.    Defendant's Contention

6    As noted above, all of plaintiff's objections have been waived by virtue of
7    her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the
8    interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip
9    Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police
10   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

11   Beyond that, because the plaintiff has stated that she is unable to provide a
12   response due to a lack of information, she is required to describe the efforts she
13   used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL
14   2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where
15   the information relates to the amount of lost financial support, a claim the plaintiff
16   is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and
17   each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's
18   capacity to carry on and enjoy life's activities, **the destruction of his earning**
19   **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**
20   **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**
21   **household services that Lejoy would have provided**, and the loss of Lejoy's
22   love, companionship, comfort, care, assistance, protection, affection, society, and
23   moral support. In addition, they suffered severe emotional distress."]

24   If no such economic damages exist, rather than attempt to obfuscate, the
25   plaintiff should simply state so.

26   ///
27   ///
28   ///

- 65 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

## H.     Interrogatory 12

### 1.     Interrogatory

If any of the items of economic damages that you contend that you have incurred as a result of the alleged civil rights violations by the City of Culver City or its employees and the death of the decedent were paid by another person or entity other than yourself, identify the specific source and the amount of any such payments.

### 2.     Plaintiff's Response

Plaintiff incorporates her general objections.  Plaintiff further objects that this Interrogatory is vague and ambiguous.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further objects to the extent that this interrogatory seeks information protected by the expert witness privilege.  Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.  Subject to and without waiving the foregoing objections, Plaintiff responds:

After a diligent search and reasonable inquiry, Plaintiff has no information responsive to this request.  Plaintiff's investigation is ongoing.  She will supplement this response if and when additional responsive information becomes available.

### 3.     Defendant's Contention

As noted above, all of plaintiff's objections have been waived by virtue of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

- 66 -

1  Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police</u>

2  <u>Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

3       Beyond that, because the plaintiff has stated that she is unable to provide a

4  response due to a lack of information, she is required to describe the efforts she

5  used to obtain the information. <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

6  2064514, *2 (E.D. Cal. 2008).

7       The information requested in this interrogatory goes to a basic element of

8  damages, and relative to plaintiff's state law claims, is absolutely discoverable

9  under <u>Government Code</u> § 985, which allows for post-judgment offset of amounts

10  paid by collateral sources as to any state tort claim. Thus, the information clearly

11  falls within the permissible scope of discovery. Fed. R. Civ. Pro. 26(b)(1). If no

12  such payments were made, rather than attempt to obfuscate, the plaintiff should

13  simply state so.

14      **I.**    <u>**Interrogatory 13**</u>

15           **1.**    <u>**Interrogatory**</u>

16      If you have been reimbursed from any source – including, but not limited to,

17  individuals, any governmental or non-governmental agencies, insurance

18  companies, health and welfare agencies, trust funds, or any other such source – for

19  any of the expenses you claim was incurred by you as a result of the alleged civil

20  rights violations by the City of Culver City or its employees and the death of the

21  decedent, identify any and all such reimbursements.

22           **2.**    <u>**Plaintiff's Response**</u>

23      Plaintiff incorporates her general objections. Plaintiff further objects that

24  this Interrogatory is vague and ambiguous. Plaintiff further objects to this

25  Interrogatory to the extent it seeks information or documents protected from

26  disclosure by the attorney-client and attorney work-product privileges. Plaintiff

27  further objects to this Interrogatory to the extent it seeks information or documents

28  protected from disclosure by the physician-patient privilege or psychiatrist-patient

1   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

2   information protected by the expert witness privilege.  Plaintiff further objects that

3   this interrogatory seeks information protected from disclosure by the right to

4   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

5   Subject to and without waiving the foregoing objections, Plaintiff responds:

6        After a diligent search and reasonable inquiry, Plaintiff has no information

7   responsive to this request.  Plaintiff's investigation is ongoing.  She will

8   supplement this response if and when additional responsive information becomes

9   available.

10        **3.    Defendant's Contention**

11        As noted above, all of plaintiff's objections have been waived by virtue of

12   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

13   interrogatory.  <u>See</u> Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip

14   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police</u>

15   <u>Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

16        Beyond that, because the plaintiff has stated that she is unable to provide a

17   response due to a lack of information, she is required to describe the efforts she

18   used to obtain the information.  <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

19   2064514, *2 (E.D. Cal. 2008).

20        The information requested in this interrogatory goes to a basic element of

21   damages, and relative to plaintiff's state law claims, is absolutely discoverable

22   under <u>Government Code</u> § 985, which allows for post-judgment offset of amounts

23   paid by collateral sources as to any state tort claim.  Thus, the information clearly

24   falls within the permissible scope of discovery.  Fed. R. Civ. Pro. 26(b)(1).  If no

25   such payments were made, rather than attempt to obfuscate, the plaintiff should

26   simply state so.

27   ///

28   ///

- 68 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

J.     **Interrogatory 14**

    1.     **Interrogatory**

Describe any future expenses that you anticipate incurring as a result of the alleged civil rights violations by the City of Culver City or its employees and the death of the decedent.

    2.     **Plaintiff's Response**

Plaintiff incorporates her general objections.  Plaintiff further objects that this Interrogatory is vague and ambiguous.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further objects to the extent that this interrogatory seeks information protected by the expert witness privilege.  Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion. Subject to and without waiving the foregoing objections, Plaintiff responds:

After a diligent search and reasonable inquiry, Plaintiff has no information responsive to this request.  Plaintiff's investigation is ongoing.  She will supplement this response if and when additional responsive information becomes available.

    3.     **Defendant's Contention**

As noted above, all of plaintiff's objections have been waived by virtue of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.; REQUEST FOR SANCTIONS

1    Beyond that, because the plaintiff has stated that she is unable to provide a

2  response due to a lack of information, she is required to describe the efforts she

3  used to obtain the information.  <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

4  2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

5  the information relates to the amount of lost financial support, a claim the plaintiff

6  is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

7  each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

8  capacity to carry on and enjoy life's activities, **the destruction of his earning**

9  **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

10  **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

11  **household services that Lejoy would have provided**, and the loss of Lejoy's

12  love, companionship, comfort, care, assistance, protection, affection, society, and

13  moral support. In addition, they suffered severe emotional distress."]

14    If no such damages exist, rather than attempt to obfuscate, the plaintiff

15  should simply state so.

16  **K.    Interrogatory 15**

17    **1.    Interrogatory**

18    Describe in detail any and all other damages and/or expenses that you

19  contend you have incurred as a result of the alleged civil rights violations by the

20  City of Culver City or its employees and the death of the decedent.

21    **2.    Plaintiff's Response**

22    Plaintiff incorporates her general objections.  Plaintiff further objects that

23  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

24  Interrogatory to the extent it seeks information or documents protected from

25  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

26  further objects to this Interrogatory to the extent it seeks information or documents

27  protected from disclosure by the physician-patient privilege or psychiatrist-patient

28  privilege.  Plaintiff further objects to the extent that this interrogatory seeks

1    information protected by the expert witness privilege.  Plaintiff further objects that
2    this interrogatory seeks information protected from disclosure by the right to
3    privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.
4    Subject to and without waiving the foregoing objections, Plaintiff responds:

5         After a diligent search and reasonable inquiry, Plaintiff has no information
6    responsive to this request.  Plaintiff's investigation is ongoing.  She will
7    supplement this response if and when additional responsive information becomes
8    available.

9         **3.     Defendant's Contention**

10         As noted above, all of plaintiff's objections have been waived by virtue of
11    her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the
12    interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip
13    Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police
14    Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

15         Beyond that, because the plaintiff has stated that she is unable to provide a
16    response due to a lack of information, she is required to describe the efforts she
17    used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL
18    2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where
19    the information relates to the amount of lost financial support, a claim the plaintiff
20    is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and
21    each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's
22    capacity to carry on and enjoy life's activities, **the destruction of his earning**
23    **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**
24    **receive from Lejoy,** the expense for Lejoy's funeral and burial, **the value of**
25    **household services that Lejoy would have provided,** and the loss of Lejoy's
26    love, companionship, comfort, care, assistance, protection, affection, society, and
27    moral support. In addition, they suffered severe emotional distress."]

28    

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    If no such damages exist, rather than attempt to obfuscate, the plaintiff

2    should simply state so.

3    **L.    Interrogatory 16**

4         **1.    Interrogatory**

5    Describe sufficiently for purposes of a subpoena duces tecum any and all

6    documents known to you that support your contention that you have suffered any

7    other damage and/or expenses as a result of the alleged civil rights violations by

8    the City of Culver City or its employees and the death of the decedent.

9         **2.    Plaintiff's Response**

10   Plaintiff incorporates her general objections.  Plaintiff further objects that

11   this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

12   Interrogatory to the extent it seeks information or documents protected from

13   disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

14   further objects to this Interrogatory to the extent it seeks information or documents

15   protected from disclosure by the physician-patient privilege or psychiatrist-patient

16   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

17   information protected by the expert witness privilege.  Plaintiff further objects that

18   this interrogatory seeks information protected from disclosure by the right to

19   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

20   Subject to and without waiving the foregoing objections, Plaintiff responds:

21   After a diligent search and reasonable inquiry, Plaintiff has no information

22   responsive to this request.  Plaintiff's investigation is ongoing.  She will

23   supplement this response if and when additional responsive information becomes

24   available.

25        **3.    Defendant's Contention**

26   As noted above, all of plaintiff's objections have been waived by virtue of

27   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

28   interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police</u>

2    <u>Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

3       Beyond that, because the plaintiff has stated that she is unable to provide a

4    response due to a lack of information, she is required to describe the efforts she

5    used to obtain the information. <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

6    2064514, *2 (E.D. Cal. 2008). This should be particularly true in this case, where

7    the information relates to the amount of lost financial support, a claim the plaintiff

8    is making. [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

9    each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

10    capacity to carry on and enjoy life's activities, **the destruction of his earning**

11    **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

12    **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

13    **household services that Lejoy would have provided**, and the loss of Lejoy's

14    love, companionship, comfort, care, assistance, protection, affection, society, and

15    moral support. In addition, they suffered severe emotional distress."]

16       If no such documents exist, rather than attempt to obfuscate, the plaintiff

17    should simply state so.

18      **M.**     <u>**Interrogatory 19**</u>

19         **1.**     <u>**Interrogatory**</u>

20    If you seek compensation for damages in this litigation based on the loss of

21    the decedent's love, companionship, comfort, affection, society, solace and/or

22    moral support, describe the nature and extent of all such damages.

23         **2.**     <u>**Plaintiff's Response**</u>

24       Plaintiff incorporates her general objections. Plaintiff further objects that

25    this Interrogatory is vague and ambiguous.

26       Mr. Grissom was Plaintiff's father.

27    ///

28    ///

1

### 3.     Defendant's Contention

2       Federal Rule 37(a)(2)(B), allows the discovering party to move for an order

3    compelling an answer, a designation, or an inspection in accordance with a specific

4    discovery request.  Answers that are evasive or incomplete are treated as a failure

5    to disclose.  Fed. R. Civ. Pro. 37(a)(3).  Here the answer is incomplete where the

6    interrogatory called for information relating to both the nature and extent of the

7    damages.  Plaintiff only provided information relative to the nature of the injuries.

8    There is no response as to the extent of the injury.

9    ### N.     Interrogatory 20

10      ### 1.     Interrogatory

11      If you seek compensation for damages in this litigation based on the loss of

12   the decedent's love, companionship, comfort, affection, society, solace and/or

13   moral support, identify sufficiently for purposes of a subpoena duces tecum any

14   and all documents known to you that support your claims.

15      ### 2.     Plaintiff's Response

16      Plaintiff incorporates her general objections.  Plaintiff further objects that

17   this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

18   Interrogatory to the extent it seeks information or documents protected from

19   disclosure by the physician-patient privilege or psychiatrist-patient privilege.

20   Plaintiff further objects to the extent that this interrogatory seeks information

21   protected by the expert witness privilege.  Plaintiff further objects that this

22   interrogatory seeks information protected from disclosure by the right to privacy.

23   Subject to and without waiving the foregoing objections, Plaintiff responds:

24      After a diligent search and reasonable inquiry, Plaintiff has no information

25   responsive to this request.  Plaintiff's investigation is ongoing.  She will

26   supplement this response if and when additional responsive information becomes

27   available.

28   ///

- 74 -

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

### 3.     Defendant's Contention

As noted above, all of plaintiff's objections have been waived by virtue of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

Beyond that, because the plaintiff has stated that she is unable to provide a response due to a lack of information, she is required to describe the efforts she used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where the information relates to the amount of lost financial support, a claim the plaintiff is making. [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to carry on and enjoy life's activities, **the destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could have expected to receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of household services that Lejoy would have provided**, and the loss of Lejoy's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. In addition, they suffered severe emotional distress."]

If no such documents exist, rather than attempt to obfuscate, the plaintiff should simply state so.

### O.     Defective Verification

### 1.     Defendant's Contention

Plaintiff's verification is undated.  See 28 U.S.C. § 1746.  Where plaintiff's verification does not contain a date, it does not comply with this portion of the Judiciary Code, expressly applicable to the Federal Rules of Civil Procedure, and therefore is ineffective.

- 75 -

## V.   INTERROGATORIES PROPOUNDED BY CITY OF CULVER CITY TO PLAINTIFF KAILYNN GRISSOM

### A.   Untimely Responses

#### 1.   Defendant's Contention

All of Plaintiff's responses contain objections.  However, all objections have been waived by virtue of the untimely nature of the responses.  Fed. R. Civ. Pro. 33(b)(4).  As such, all responses are deficient.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981); City of Rialto v. U.S. Dep't of Def., 492 F.Supp.2d 1193, 1201-02 (C.D. Cal.2007).  Because all of plaintiff's responses are expressly conditioned on the objections asserted therein, they are all deficient and further responses should be compelled.

### B.   Interrogatory 4

#### 1.   Interrogatory

Itemize all economic losses that you contend that you have incurred as a result of the incident that gives rise to this litigation.

#### 2.   Plaintiff's Response

Plaintiff incorporates her general objections.  Plaintiff further objects that this Interrogatory is vague and ambiguous.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further objects to the extent that this interrogatory seeks information protected by the expert witness privilege.  Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

1   Subject to and without waiving the foregoing objections, Plaintiff responds as

2   follows:

3       After a diligent search and reasonable inquiry, Plaintiff has no information

4   responsive to this request.  Plaintiff's investigation is ongoing.  She will

5   supplement this response if and when additional responsive information becomes

6   available.

7        **3.**     **Defendant's Contention**

8       As noted above, all of plaintiff's objections have been waived by virtue of

9   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

10   interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

11   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

12   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

13       Beyond that, because the plaintiff has stated that she is unable to provide a

14   response due to a lack of information, she is required to describe the efforts she

15   used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL

16   2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

17   the information relates to the amount of lost financial support, a claim the plaintiff

18   is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

19   each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

20   capacity to carry on and enjoy life's activities, **the destruction of his earning**

21   **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

22   **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

23   **household services that Lejoy would have provided**, and the loss of Lejoy's

24   love, companionship, comfort, care, assistance, protection, affection, society, and

25   moral support. In addition, they suffered severe emotional distress."]

26       If no such economic damages exist, rather than attempt to obfuscate, the

27   plaintiff should simply state so.

28   ///

### C.    Interrogatory 6

####     1.     Interrogatory

Itemize all other pecuniary losses that you contend that you have incurred as a result of the incident that gives rise to this litigation.

####     2.     Plaintiff's Response

Plaintiff incorporates her general objections.  Plaintiff further objects that this Interrogatory is vague and ambiguous.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges.  Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the physician-patient privilege or psychiatrist-patient privilege.  Plaintiff further objects to the extent that this interrogatory seeks information protected by the expert witness privilege.  Plaintiff further objects that this interrogatory seeks information protected from disclosure by the right to privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

After a diligent search and reasonable inquiry, Plaintiff has no information responsive to this request.  Plaintiff's investigation is ongoing.  She will supplement this response if and when additional responsive information becomes available.

####     3.     Defendant's Contention

As noted above, all of plaintiff's objections have been waived by virtue of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

1    Beyond that, because the plaintiff has stated that she is unable to provide a
2  response due to a lack of information, she is required to describe the efforts she
3  used to obtain the information.  <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL
4  2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where
5  the information relates to the amount of lost financial support, a claim the plaintiff
6  is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and
7  each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's
8  capacity to carry on and enjoy life's activities, **the destruction of his earning**
9  **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**
10  **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**
11  **household services that Lejoy would have provided**, and the loss of Lejoy's
12  love, companionship, comfort, care, assistance, protection, affection, society, and
13  moral support. In addition, they suffered severe emotional distress."]

14    If no pecuniary loss exists, rather than attempt to obfuscate, the plaintiff
15  should simply state so.

16  **D.    Interrogatory 7**

17    **1.    Interrogatory**

18    If you contend that during the last (10) years of the decedent's life Decedent
19  Lejoy Grissom (hereinafter "the decedent") contributed financially towards any of
20  your expenses, state the precise amount of such support for each year.

21    **2.    Plaintiff's Response**

22    Plaintiff incorporates her general objections.  Plaintiff further objects that
23  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this
24  Interrogatory to the extent it seeks information or documents protected from
25  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff
26  further objects to this Interrogatory to the extent it seeks information or documents
27  protected from disclosure by the physician-patient privilege or psychiatrist-patient
28  privilege.  Plaintiff further objects to the extent that this interrogatory seeks

1   information protected by the expert witness privilege.  Plaintiff further objects that

2   this interrogatory seeks information protected from disclosure by the right to

3   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

4   Subject to and without waiving the foregoing objections, Plaintiff responds as

5   follows:

6            After a diligent search and reasonable inquiry, Plaintiff has no information

7   responsive to this request.  Plaintiff's investigation is ongoing.  She will

8   supplement this response if and when additional responsive information becomes

9   available.

10           **3.      Defendant's Contention**

11           As noted above, all of plaintiff's objections have been waived by virtue of

12   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

13   interrogatory.  <u>See</u> Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip

14   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police</u>

15   <u>Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

16           Beyond that, because the plaintiff has stated that she is unable to provide a

17   response due to a lack of information, she is required to describe the efforts she

18   used to obtain the information.  <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

19   2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

20   the information relates to the amount of lost financial support, a claim the plaintiff

21   is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

22   each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

23   capacity to carry on and enjoy life's activities, **the destruction of his earning**

24   **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

25   **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

26   **household services that Lejoy would have provided**, and the loss of Lejoy's

27   love, companionship, comfort, care, assistance, protection, affection, society, and

28   moral support. In addition, they suffered severe emotional distress."]

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1    If no such financial support existed, rather than attempt to obfuscate, the

2    plaintiff should simply state so.

3    **E.    Interrogatory 8**

4        **1.    Interrogatory**

5        If you contend that during the last (10) years of the decedent's life the

6    decedent contributed financially towards any of your expenses, identify

7    sufficiently for purposes of a subpoena duces tecum, any and all documents known

8    to you that support your contention.

9        **2.    Plaintiff's Response**

10        Plaintiff incorporates her general objections.  Plaintiff further objects that

11   this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

12   Interrogatory to the extent it seeks information or documents protected from

13   disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

14   further objects to this Interrogatory to the extent it seeks information or documents

15   protected from disclosure by the physician-patient privilege or psychiatrist-patient

16   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

17   information protected by the expert witness privilege.  Plaintiff further objects that

18   this interrogatory seeks information protected from disclosure by the right to

19   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

20   Subject to and without waiving the foregoing objections, Plaintiff responds as

21   follows:

22        After a diligent search and reasonable inquiry, Plaintiff has no information

23   responsive to this request.  Plaintiff's investigation is ongoing.  She will

24   supplement this response if and when additional responsive information becomes

25   available.

26        **3.    Defendant's Contention**

27        As noted above, all of plaintiff's objections have been waived by virtue of

28   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

interrogatory. <u>See</u> Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

Beyond that, because the plaintiff has stated that she is unable to provide a response due to a lack of information, she is required to describe the efforts she used to obtain the information. <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008). This should be particularly true in this case, where the information relates to the amount of lost financial support, a claim the plaintiff is making. [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to carry on and enjoy life's activities, **the destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could have expected to receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of household services that Lejoy would have provided**, and the loss of Lejoy's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. In addition, they suffered severe emotional distress."]

If no such financial support existed, rather than attempt to obfuscate, the plaintiff should simply state so.

## F.   Interrogatory 11

### 1.   Interrogatory

Itemize, in detail, each and every item of economic damages that you contend that you have incurred as a result of the alleged civil rights violations by the City of Culver City or its employees and the death of the decedent.

### 2.   Plaintiff's Response

Plaintiff incorporates her general objections. Plaintiff further objects that this Interrogatory is vague and ambiguous. Plaintiff further objects to this Interrogatory to the extent it seeks information or documents protected from disclosure by the attorney-client and attorney work-product privileges. Plaintiff

1 further objects to this Interrogatory to the extent it seeks information or documents

2 protected from disclosure by the physician-patient privilege or psychiatrist-patient

3 privilege. Plaintiff further objects to the extent that this interrogatory seeks

4 information protected by the expert witness privilege. Plaintiff further objects that

5 this interrogatory seeks information protected from disclosure by the right to

6 privacy. Plaintiff further objects that this interrogatory calls for an expert opinion.

7 Subject to and without waiving the foregoing objections, Plaintiff responds:

8       After a diligent search and reasonable inquiry, Plaintiff has no information

9 responsive to this request. Plaintiff's investigation is ongoing. She will

10 supplement this response if and when additional responsive information becomes

11 available.

12       **3.**    **Defendant's Contention**

13       As noted above, all of plaintiff's objections have been waived by virtue of

14 her untimely response. Moreover, the plaintiffs' answer is non-responsive to the

15 interrogatory. <u>See</u> Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip

16 Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police</u>

17 <u>Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

18       Beyond that, because the plaintiff has stated that she is unable to provide a

19 response due to a lack of information, she is required to describe the efforts she

20 used to obtain the information. <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

21 2064514, *2 (E.D. Cal. 2008). This should be particularly true in this case, where

22 the information relates to the amount of lost financial support, a claim the plaintiff

23 is making. [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

24 each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

25 capacity to carry on and enjoy life's activities, **the destruction of his earning**

26 **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

27 **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

28 **household services that Lejoy would have provided**, and the loss of Lejoy's

1    love, companionship, comfort, care, assistance, protection, affection, society, and

2    moral support. In addition, they suffered severe emotional distress."]

3        If no such economic damages exist, rather than attempt to obfuscate, the

4    plaintiff should simply state so.

5        **G.    Interrogatory 12**

6            **1.    Interrogatory**

7        If any of the items of economic damages that you contend that you have

8    incurred as a result of the alleged civil rights violations by the City of Culver City

9    or its employees and the death of the decedent were paid by another person or

10   entity other than yourself, identify the specific source and the amount of any such

11   payments.

12           **2.    Plaintiff's Response**

13       Plaintiff incorporates her general objections.  Plaintiff further objects that

14   this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

15   Interrogatory to the extent it seeks information or documents protected from

16   disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

17   further objects to this Interrogatory to the extent it seeks information or documents

18   protected from disclosure by the physician-patient privilege or psychiatrist-patient

19   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

20   information protected by the expert witness privilege.  Plaintiff further objects that

21   this interrogatory seeks information protected from disclosure by the right to

22   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

23   Subject to and without waiving the foregoing objections, Plaintiff responds:

24       After a diligent search and reasonable inquiry, Plaintiff has no information

25   responsive to this request.  Plaintiff's investigation is ongoing.  She will

26   supplement this response if and when additional responsive information becomes

27   available.

28   ///

- 84 -

3. **Defendant's Contention**

As noted above, all of plaintiff's objections have been waived by virtue of her untimely response. Moreover, the plaintiffs' answer is non-responsive to the interrogatory. <u>See</u> Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

Beyond that, because the plaintiff has stated that she is unable to provide a response due to a lack of information, she is required to describe the efforts she used to obtain the information. <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008).

The information requested in this interrogatory goes to a basic element of damages, and relative to plaintiff's state law claims, is absolutely discoverable under <u>Government Code</u> § 985, which allows for post-judgment offset of amounts paid by collateral sources as to any state tort claim. Thus, the information clearly falls within the permissible scope of discovery. Fed. R. Civ. Pro. 26(b)(1). If no such payments were made, rather than attempt to obfuscate, the plaintiff should simply state so.

H. **Interrogatory 13**

1. **Interrogatory**

If you have been reimbursed from any source – including, but not limited to, individuals, any governmental or non-governmental agencies, insurance companies, health and welfare agencies, trust funds, or any other such source – for any of the expenses you claim was incurred by you as a result of the alleged civil rights violations by the City of Culver City or its employees and the death of the decedent, identify any and all such reimbursements.

2. **Plaintiff's Response**

Plaintiff incorporates her general objections. Plaintiff further objects that this Interrogatory is vague and ambiguous. Plaintiff further objects to this

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.; REQUEST FOR SANCTIONS

1   Interrogatory to the extent it seeks information or documents protected from

2   disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

3   further objects to this Interrogatory to the extent it seeks information or documents

4   protected from disclosure by the physician-patient privilege or psychiatrist-patient

5   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

6   information protected by the expert witness privilege.  Plaintiff further objects that

7   this interrogatory seeks information protected from disclosure by the right to

8   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

9   Subject to and without waiving the foregoing objections, Plaintiff responds:

10          After a diligent search and reasonable inquiry, Plaintiff has no information

11   responsive to this request.  Plaintiff's investigation is ongoing.  She will

12   supplement this response if and when additional responsive information becomes

13   available.

14          **3.   Defendant's Contention**

15          As noted above, all of plaintiff's objections have been waived by virtue of

16   her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

17   interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

18   Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

19   Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

20          Beyond that, because the plaintiff has stated that she is unable to provide a

21   response due to a lack of information, she is required to describe the efforts she

22   used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL

23   2064514, *2 (E.D. Cal. 2008).

24          The information requested in this interrogatory goes to a basic element of

25   damages, and relative to plaintiff's state law claims, is absolutely discoverable

26   under Government Code § 985, which allows for post-judgment offset of amounts

27   paid by collateral sources as to any state tort claim.  Thus, the information clearly

28   falls within the permissible scope of discovery.  Fed. R. Civ. Pro. 26(b)(1).  If no

---

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1  such payments were made, rather than attempt to obfuscate, the plaintiff should
2  simply state so.

3  ### I.     Interrogatory 14

4  #### 1.     Interrogatory

5  Describe any future expenses that you anticipate incurring as a result of the
6  alleged civil rights violations by the City of Culver City or its employees and the
7  death of the decedent.

8  #### 2.     Plaintiff's Response

9  Plaintiff incorporates her general objections.  Plaintiff further objects that
10  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this
11  Interrogatory to the extent it seeks information or documents protected from
12  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff
13  further objects to this Interrogatory to the extent it seeks information or documents
14  protected from disclosure by the physician-patient privilege or psychiatrist-patient
15  privilege.  Plaintiff further objects to the extent that this interrogatory seeks
16  information protected by the expert witness privilege.  Plaintiff further objects that
17  this interrogatory seeks information protected from disclosure by the right to
18  privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.
19  Subject to and without waiving the foregoing objections, Plaintiff responds:

20  After a diligent search and reasonable inquiry, Plaintiff has no information
21  responsive to this request.  Plaintiff's investigation is ongoing.  She will
22  supplement this response if and when additional responsive information becomes
23  available.

24  #### 3.     Defendant's Contention

25  As noted above, all of plaintiff's objections have been waived by
26  virtue of her untimely response.  Moreover, the plaintiffs' answer is non-
27  responsive to the interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San

28

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1  Diego County, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El
2  Cajon Police Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

3      Beyond that, because the plaintiff has stated that she is unable to provide a
4  response due to a lack of information, she is required to describe the efforts she
5  used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL
6  2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where
7  the information relates to the amount of lost financial support, a claim the plaintiff
8  is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and
9  each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's
10 capacity to carry on and enjoy life's activities, **the destruction of his earning**
11 **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**
12 **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**
13 **household services that Lejoy would have provided**, and the loss of Lejoy's
14 love, companionship, comfort, care, assistance, protection, affection, society, and
15 moral support. In addition, they suffered severe emotional distress."]

16     If no such future expenses exist, rather than attempt to obfuscate, the
17 plaintiff should simply state so.

18 **J.**     **Interrogatory 15**
19          **1.**     **Interrogatory**

20     Describe in detail any and all other damages and/or expenses that you
21 contend you have incurred as a result of the alleged civil rights violations by the
22 City of Culver City or its employees and the death of the decedent.

23          **2.**     **Plaintiff's Response**

24     Plaintiff incorporates her general objections.  Plaintiff further objects that
25 this Interrogatory is vague and ambiguous.  Plaintiff further objects to this
26 Interrogatory to the extent it seeks information or documents protected from
27 disclosure by the attorney-client and attorney work-product privileges.  Plaintiff
28 further objects to this Interrogatory to the extent it seeks information or documents

1   protected from disclosure by the physician-patient privilege or psychiatrist-patient

2   privilege.  Plaintiff further objects to the extent that this interrogatory seeks

3   information protected by the expert witness privilege.  Plaintiff further objects that

4   this interrogatory seeks information protected from disclosure by the right to

5   privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

6   Subject to and without waiving the foregoing objections, Plaintiff responds:

7          After a diligent search and reasonable inquiry, Plaintiff has no information

8   responsive to this request.  Plaintiff's investigation is ongoing.  She will

9   supplement this response if and when additional responsive information becomes

10  available.

11              **3.    Defendant's Contention**

12         As noted above, all of plaintiff's objections have been waived by virtue of

13  her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the

14  interrogatory.  See Fed. R. Civ. Pro. 33(b)(3); Bashkin v. San Diego County, Slip

15  Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); Beckner v. El Cajon Police

16  Department, 2008 WL 2033708 *5 (S.D.Cal., 2008).

17         Beyond that, because the plaintiff has stated that she is unable to provide a

18  response due to a lack of information, she is required to describe the efforts she

19  used to obtain the information.  Jadwin v. County of Kern, Slip Copy, 2008 WL

20  2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

21  the information relates to the amount of lost financial support, a claim the plaintiff

22  is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

23  each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

24  capacity to carry on and enjoy life's activities, **the destruction of his earning**

25  **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

26  **receive from Lejoy,** the expense for Lejoy's funeral and burial, **the value of**

27  **household services that Lejoy would have provided,** and the loss of Lejoy's

28                              - 89 -

1   love, companionship, comfort, care, assistance, protection, affection, society, and

2   moral support. In addition, they suffered severe emotional distress."]

3        If no such damages exist, rather than attempt to obfuscate, the plaintiff

4   should simply state so.

5        **K.    Interrogatory 16**

6            **1.    Interrogatory**

7        Describe sufficiently for purposes of a subpoena duces tecum any and all

8   documents known to you that support your contention that you have suffered any

9   other damage and/or expenses as a result of the alleged civil rights violations by

10  the City of Culver City or its employees and the death of the decedent.

11           **2.    Plaintiff's Response**

12       Plaintiff incorporates her general objections.  Plaintiff further objects that

13  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

14  Interrogatory to the extent it seeks information or documents protected from

15  disclosure by the attorney-client and attorney work-product privileges.  Plaintiff

16  further objects to this Interrogatory to the extent it seeks information or documents

17  protected from disclosure by the physician-patient privilege or psychiatrist-patient

18  privilege.  Plaintiff further objects to the extent that this interrogatory seeks

19  information protected by the expert witness privilege.  Plaintiff further objects that

20  this interrogatory seeks information protected from disclosure by the right to

21  privacy.  Plaintiff further objects that this interrogatory calls for an expert opinion.

22  Subject to and without waiving the foregoing objections, Plaintiff responds:

23       After a diligent search and reasonable inquiry, Plaintiff has no information

24  responsive to this request.  Plaintiff's investigation is ongoing.  She will

25  supplement this response if and when additional responsive information becomes

26  available.

27  ///

28  ///

### 3.     Defendant's Contention

As noted above, all of plaintiff's objections have been waived by virtue of her untimely response.  Moreover, the plaintiffs' answer is non-responsive to the interrogatory.  <u>See</u> Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San Diego County</u>, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El Cajon Police Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

Beyond that, because the plaintiff has stated that she is unable to provide a response due to a lack of information, she is required to describe the efforts she used to obtain the information.  <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL 2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where the information relates to the amount of lost financial support, a claim the plaintiff is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's capacity to carry on and enjoy life's activities, **the destruction of his earning capacity, the loss of gifts or benefits that Plaintiffs could have expected to receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of household services that Lejoy would have provided**, and the loss of Lejoy's love, companionship, comfort, care, assistance, protection, affection, society, and moral support. In addition, they suffered severe emotional distress."]

If no such documents exist, rather than attempt to obfuscate, the plaintiff should simply state so.

### L.     Interrogatory 19

#### 1.     Interrogatory

If you seek compensation for damages in this litigation based on the loss of the decedent's love, companionship, comfort, affection, society, solace and/or moral support, describe the nature and extent of all such damages.

///

///

1

## 2. **Plaintiff's Response**

2     Plaintiff incorporates her general objections.  Plaintiff further objects that

3  this Interrogatory is vague and ambiguous.

4     Mr. Grissom was Plaintiff's father.

5

## 3. **Defendant's Contention**

6     Federal Rule 37(a)(2)(B), allows the discovering party to move for an order

7  compelling an answer, a designation, or an inspection in accordance with a specific

8  discovery request.  Answers that are evasive or incomplete are treated as a failure

9  to disclose.  Fed. R. Civ. Pro. 37(a)(3).  Here the answer is incomplete where the

10  interrogatory called for information relating to both the nature and extent of the

11  damages.  Plaintiff only provided information relative to the nature of the injuries.

12  There is no response as to the extent of the injury.

13

## M. **Interrogatory 20**

14

### 1. **Interrogatory**

15     If you seek compensation for damages in this litigation based on the loss of

16  the decedent's love, companionship, comfort, affection, society, solace and/or

17  moral support, identify sufficiently for purposes of a subpoena duces tecum any

18  and all documents known to you that support your claims.

19

### 2. **Plaintiff's Response**

20     Plaintiff incorporates her general objections.  Plaintiff further objects that

21  this Interrogatory is vague and ambiguous.  Plaintiff further objects to this

22  Interrogatory to the extent it seeks information or documents protected from

23  disclosure by the physician-patient privilege or psychiatrist-patient privilege.

24  Plaintiff further objects to the extent that this interrogatory seeks information

25  protected by the expert witness privilege.  Plaintiff further objects that this

26  interrogatory seeks information protected from disclosure by the right to privacy.

27  Subject to and without waiving the foregoing objections, Plaintiff responds as

28  follows:

- 92 -

1    After a diligent search and reasonable inquiry, Plaintiff has no information

2    responsive to this request.  Plaintiff's investigation is ongoing.  She will

3    supplement this response if and when additional responsive information becomes

4    available.

5    **3.    Defendant's Contention**

6    As noted above, all of plaintiff's objections have been waived by

7    virtue of her untimely response.  Moreover, the plaintiffs' answer is non-

8    responsive to the interrogatory.  <u>See</u> Fed. R. Civ. Pro. 33(b)(3); <u>Bashkin v. San</u>

9    <u>Diego County</u>, Slip Copy, 2011 WL 109229, *30 (S.D. Cal. 2011); <u>Beckner v. El</u>

10   <u>Cajon Police Department</u>, 2008 WL 2033708 *5 (S.D.Cal., 2008).

11   Beyond that, because the plaintiff has stated that she is unable to provide a

12   response due to a lack of information, she is required to describe the efforts she

13   used to obtain the information.  <u>Jadwin v. County of Kern</u>, Slip Copy, 2008 WL

14   2064514, *2 (E.D. Cal. 2008).  This should be particularly true in this case, where

15   the information relates to the amount of lost financial support, a claim the plaintiff

16   is making.  [Doc. 30, ¶ 33 - "As a proximate cause of Defendants' conduct, and

17   each of them, Plaintiffs suffered harm, including a complete destruction of Lejoy's

18   capacity to carry on and enjoy life's activities, **the destruction of his earning**

19   **capacity, the loss of gifts or benefits that Plaintiffs could have expected to**

20   **receive from Lejoy**, the expense for Lejoy's funeral and burial, **the value of**

21   **household services that Lejoy would have provided**, and the loss of Lejoy's

22   love, companionship, comfort, care, assistance, protection, affection, society, and

23   moral support. In addition, they suffered severe emotional distress."]

24   If no such documents exist, rather than attempt to obfuscate, the plaintiff

25   should simply state so.

26   **1.    Defendant's Contention**

27   Plaintiff's verification is undated.  <u>See</u> 28 U.S.C. § 1746.  Where plaintiff's

28   verification does not contain a date, it does not comply with this portion of the

NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES
PROPOUNDED ON PLAINTIFFS KANDACE SIMPLIS, KYRA S., AND KAILYNN G.;
REQUEST FOR SANCTIONS

1 Judiciary Code, expressly applicable to the Federal Rules of Civil Procedure, and

2 therefore is ineffective.

3 **VI.   SANCTIONS**

4      Federal Rule of Civil Procedure, Rule 37(a)(5)(A) provides, "If the motion

5 is granted – or if the disclosure or requested discovery is provided after the motion

6 was filed – the court must, after giving an opportunity to be heard, require the

7 party or deponent whose conduct necessitated the motion, the party or attorney

8 advising that conduct, or both to pay the movant's reasonable expenses incurred in

9 making the motion, including attorney's fees."

10      Here, the plaintiffs' responses to the aforementioned items of discovery not

11 only deficient, but are evasive and made in bad faith.  The defendants have been

12 forced to file this motion to seek even the most basic of information due to what

13 appears to be, at best, laziness from the plaintiffs and, as such, are entitled to

14 sanctions.  Accordingly, the defendants request that they be awarded reasonable

15 expenses, including attorney's fees, in the amount of TWO THOUSAND FIVE

16 HUNDRED AND FIFTY DOLLARS ($2,550.00).  [See Declaration of Jill W.

17 Babington], where the plaintiffs' failure to respond to the discovery at issue in this

18 motion is without substantial justification.

19 **VII.   CONCLUSION**

20      Based on the foregoing, the defendants respectfully request that the Court

21 grant this motion in its entirety and award sanctions in favor of the defendants.

22 DATED:  October 4, 2011           CARPENTER, ROTHANS & DUMONT

23

24

25                By:

                      Steven J. Rothans

26                       Jill W. Babington

                      Attorneys for Defendants

27

28

-94-