## McNICHOLAS & McNICHOLAS, LLP
### TRIAL LAWYERS

JOHN P. McNICHOLAS◊*†
PATRICK McNICHOLAS◊
MATTHEW S. McNICHOLAS◊

JUAN C. VICTORIA
JENNIFER OSTERTAG
CATHERINE BURKE SCHMIDT
DOUGLAS D. WINTER

10866 WILSHIRE BOULEVARD, SUITE 1400
LOS ANGELES, CALIFORNIA 90024

TELEPHONE (310) 474-1582
FAX (310) 475-7871
WWW.McNICHOLASLAW.COM

◊AMERICAN BOARD OF TRIAL ADVOCATES
*MEMBER OF DISTRICT OF COLUMBIA BAR
†CERTIFIED CIVIL TRIAL SPECIALIST
 NATIONAL BOARD OF TRIAL ADVOCACY

January 23, 2012

**Via Email jwilliams@crdlaw.com**
Jill Williams, Esq.
Carpenter, Rothans & Dumont
888 S. Figueroa Street, Suite 1960
Los Angeles, California 90017

  Re: *Simplis et al. v. Culver City Police Department et al.*
     CV10-9497 JHN (MANx)

Dear Jill:

  Plaintiffs intend to file a motion to exclude, in its entirety, the testimony of Scott Sargent. Under *Daubert*, and its progeny, his opinions are not admissible.

  Rule 702 permits qualified experts to testify based on scientific, technical, or other specialized knowledge only if that knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1191-92 (9th Cir. 2007) (quoting Fed. R. Evid. 702)). In *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court announced the courts' role as gatekeeper and tasked them with ensuring that all forms of expert testimony, not just scientific testimony, survive scrutiny under Rule 702. *Stilwell*, 482 F.3d at 1191-2 (quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002)).

  To withstand scrutiny under Rule 702, *Daubert* teaches that expert testimony must be both reliable and helpful. *Daubert*, 509 U.S. at 589; see also *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1063 (9th Cir. 2002) (The trial court must act as a gatekeeper to exclude junk science that does not meet Rule 702's reliability standards by making a preliminary determination that the expert's testimony is reliable.) For expert testimony to be reliable, the court must look not at the correctness of the expert's conclusions but the soundness of his methodology. *Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ( *Daubert II* ). Maintaining these standards is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony., 299 F.3d at 1063-64.

  It is the burden of the party proffering the expert testimony to establish admissibility. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Thus, to be admissible, an expert's testimony must satisfy four Rule-702 criteria: (1) the witness must be qualified as an

Jill Williams, Esq.  
January 23, 2012  
Page 2

MCNICHOLAS & MCNICHOLAS LLP

expert by knowledge, skill, expertise, training, or education; (2) the testimony must be based upon sufficient facts or data; (3) the testimony must be the product of reliable principles and methods; and (4) the witness must apply the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. Expert testimony that fails to meet any of these criteria should be excluded, even when the exclusion of expert testimony is the deciding factor in determining the outcome of the case. *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1420 (9th Cir. 1998)(emphasis added).

In the instant case, Sargent is not qualified to offer the human factors/ biomechanical opinions you have offered him for. He is a Captain with the LAPD, and nothing more. He has no formal training in biomechanics, human factors, physiology, or biology. The fact that he read certain articles prepared by his employer on the topic he testifies about does not qualify him as an expert. In short, he did nothing but regurgitate some of the information he learned from reading such articles.

Further, he was unable to lay the foundation that the information upon which he relied, i.e., the Force Science articles which were based on Force Science testing. He had no information about the subjects in the underlying studies other than that they were young people in school. He did not know what physical characteristics they possessed, how they were timed (whether manually or mechanically), how many were filmed, how often the subjects were allowed to practice before being timed, nor what specific instructions they were given. Further, to this point, he did not know what the "scientific method" was, nor how it would be applied to the underlying study (if at all).

Ultimately, the witness is simply stating what he read in an article, not the product of his learning and training in an expert discipline. He purports to opine on "reaction time," but is completely unaware of what "perception reaction time" is. It is clear he is not an expert in the field you designate him in.

Separately, the witness's two opinions state two things "may have occurred" in a specific period of time, not that it was "more likely than not" that such things happened in that specific time. "More likely than not" is the standard of admissibility, not what is "possible."

Very truly yours,

Matthew S. McNicholas

MSM/by  
cc: Dale Galipo, Esq.  
Brian Claypool, Esq.